Thomas Jerry BOBO, Appellant,

v.

The STATE of Texas, Appellee.

No. 44789.

Court of Criminal Appeals of Texas.

March 22, 1972.

Rehearing Denied May 24, 1972.

Ed Shaw, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Andy Tobias, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted on January 6, 1967, in the Criminal District Court No. 6 of Harris County, for the offense of attempted burglary; his punishment was assessed at four (4) years probated. One of the conditions of probation was that he "(a) Commit no offenses against the laws of this or any other state or the United States."

On January 4, 1971, the State filed a motion to revoke such probation alleging appellant committed three penal offenses in violation of his probation.

Appellant first contends that the evidence is insufficient to support the allegations in the motion to revoke. We need to consider only one offense charged in the motion to revoke. Edward M. McWilliams testified his 1970 Cadillac was stolen on March 3, 1970, and that on April 1, 1970 he saw his car stopped at a red light in Houston. He got out of the car he was driving and approached the driver of his stolen automobile, opened the door, and demanded that the man get out of the car. The man who was driving told McWilliams "to get your hands off my car." The light then changed and the driver started off in the Cadillac automobile. McWilliams chased the automobile but soon lost it. He further stated that the license plate had been changed on his car but he noted the new license number and gave it to the police. McWilliams further identified appellant as the man he saw driving his automobile and as the one who claimed ownership of the car. A Houston police officer testified that he later found the McWilliams automobile on a parking lot and that there were stolen license plates

on the same. The automobile was returned to McWilliams. We have concluded that this is sufficient to support one of the allegations in the motion to revoke probation and appellant's first contention is overruled. Hall v. State, Tex.Cr.App., 452 S. W.2d 490; Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165.

Appellant's second contention is that the State did not exercise proper diligence in revoking his probation.

The record reflects that the motion to revoke was filed within the probationary period but not acted on until shortly after the period had ended. Appellant was arrested and jailed under the McWilliams indictment on May 21, 1970. The motion to revoke was filed on January 4, 1971, two days before the probation expired, a capias issued that day and the hearing held on March 12, 1971, approximately two months after the probationary term ended. Appellant remained incarcerated throughout the period between his arrest on the McWilliams indictment and the proceedings to revoke his probation. He claims that the State's delay in filing the motion to revoke his probation constitutes a lack of diligence.

In Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466, this Court held that a delay of approximately five months by the probation officer in reporting a violation of appellant's probation to the court did not preclude its use as a basis for revocation. Therein we said that Sec. 8 of Article 781d, Vernon's Ann.C.C.P., in force at the time, permitted the court to issue a warrant for a violation of the terms of probation "at any time" during the probationary period. Art. 42.12, Sec. 8, V.A.C. C.P., contains the same language.

While we cannot condone the State's unexplained inaction in this matter, we do not find it violative of Art. 42.12, supra.

Appellant also claims that the court was not authorized to revoke his probation after the term ended. He relies on Stover v. State, 365 S.W.2d 808, 809, for the proposition that the mere filing of a motion to revoke probation will not authorize revocation after such term and that only the court's action in authorizing the probationer's arrest followed by a diligent effort to "apprehend and hear and determine" the validity of the violation will authorize revocation after the term has ended.

However, in Ex parte Fennell, 162 Tex.Cr.R. 286, 284 S.W.2d 727, this Court held that where the violation occurs and a warrant issued within the probationary period and the hearing is not, thereafter, unduly delayed, probation may be revoked after the period has expired. In Stover, supra, the opinion does not indicate if or when a capias issued.

In the case at bar, the motion to revoke was filed within the probationary period and a capias issued for appellant's arrest before the period expired. See also Cox v. State, Tex.Cr.App., 445 S.W.2d 200. Cf. Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W.2d 449. In view of the notations on the docket sheet indicating appearances and delays, including a motion filed in behalf of the appellant to dismiss[1] we cannot conclude that the period between the motion to revoke and the hearing constituted an undue delay.

Finding no reversible error, the judgment is affirmed.

---

1. A handwritten motion for continuance was also filed by appellant, but the record does not show that it was presented to the trial court.