687 S.W.2d 774 (1985)
In the Matter of R.G., A Child.
No. 07-84-0090-CV.
Court of Appeals of Texas, Amarillo.
February 5, 1985.
*775 Jonathan D. Bow, Lubbock, for appellant.
Jim Bob Darnell, Dist. Atty., Steven M. Sucsy, Asst. Dist. Atty., Lubbock, for appellee.
Before REYNOLDS, C.J., and DODSON and BOYD, JJ.
DODSON, Justice.
R____ G____, a fifteen-year-old boy, appeals from an order committing him to the care, custody and control of the Texas Youth Commission rendered by the trial court on 23 February 1984, claiming that the court was without authority to render the order of commitment since his probationary term had expired, by operation of law, on 10 February 1984. We conclude that when a petition to modify disposition is filed within the probationary term for an alleged violation of the terms and conditions of probation which occurred within the probationary period, and the court proceeds to orderly disposition of that petition within a reasonable time with full regard for the procedural and substantive rights of the child, the court has authority to modify the prior disposition order notwithstanding the termination date specified by the prior order. We affirm.
The record shows that on 10 February 1983, the appellant was adjudicated a delinquent child and was placed on official probation in Lubbock County, Texas, for a period of one year. On 26 January 1984, the State filed an application to modify disposition, alleging that the appellant had violated the terms and conditions of his probation by committing the felony offenses of aggravated assault and retaliation on 12 January 1984. On 10 February 1984, the appellant and his attorney executed a waiver of detention hearing. On that same day, the court placed the appellant in the custody of the Juvenile Court at the detention facility previously approved by the Juvenile Board of Lubbock County for a period not to exceed ten days. On 17 February 1984, the court rendered an order continuing appellant's detention for a period not to exceed ten days.
On 22 February 1984, the appellant filed his motion to dismiss the State's application to modify disposition, claiming that his probationary term expired on 10 February 1984, by operation of law, and that the *776 court was without authority to modify the prior disposition order rendered on 10 February 1983, placing him on probation for a period of one year from that date. The court overruled the appellant's motion and after a hearing on 23 February 1984, determined that the appellant had violated the terms and conditions of his probation and committed him to the Texas Youth Commission.
By his sole point of error, the appellant claims the trial court erred by overruling his motion to dismiss the State's motion to modify on the ground that the court was without authority to modify the prior order placing him on probation since his probationary term had expired by operation of law. The appellant readily acknowledges that his position presents a question of first instance in the appellate courts of this state. To support his position, he relies on section 54.05(a)(2) of the Texas Family Code Ann. (Vernon Pamp.1985),[1] and argues for a literal and strict interpretation of that section. The State counters that we should formulate a rule similar to the rule applied in the revocation of persons on adult probation as stated in Bobo v. State, 479 S.W.2d 947 (Tex.Crim.App.1972).[2]
At the prior disposition hearing on 10 February 1983, the court, acting under section 54.04(d)(1), had authority to place the appellant on probation on such reasonable and lawful terms as the court determined "for a period not to exceed one year, subject to extensions not to exceed one year each." In that regard, and as pertinent here, section 54.05 provides:
(a) Any disposition, except a commitment to the Texas Youth Commission, may be modified by the juvenile court as provided in this section until:

(1) the child reaches his 18th birthday; or[3]
(2) the child is earlier discharged by the court or operation of law.

(b) All dispositions automatically terminate when the child reaches his 18th birthday.
* * * * * *
(d) A hearing to modify disposition shall be held on the petition of the child and his parent, guardian, guardian ad litem, or attorney, or on the petition of the state, a probation officer, or the court itself. Reasonable notice of a hearing to modify disposition shall be given to all parties. When the petition to modify is filed under Section 51.03(a)(2) of this code, the court must hold an adjudication hearing and make an affirmative finding prior to considering any written reports under Subsection (e) of this section.
* * * * * *
(f) A disposition based on a finding that the child engaged in delinquent conduct may be modified so as to commit the child to the Texas Youth Council if the court after a hearing to modify disposition finds beyond a reasonable doubt that the child violated a reasonable and lawful order of the court.
* * * * * *
(h) A hearing shall be held prior to commitment to the Texas Youth Commission as a modified disposition. In other disposition modifications, the child and his parent, guardian, guardian ad litem, or attorney may waive hearing in accordance with Section 51.09 of this code. [Emphasis added.]
The appellant claims that the phrase, "by operation of law," should be strictly interpreted by this Court. Thus, he argues that *777 his probationary period terminated on 10 February 1984, by operation of law, that he was automatically discharged from probation, and that the trial court was without authority to modify the prior disposition order. We disagree.
When the State filed an application to modify disposition within the probationary period for an alleged violation which occurred within that period, elaborate procedural safeguards such as notice of the charges, notice of hearings, appointment of counsel, if necessary, and other similar acts must be accomplished before the court can make a final determination on the petition to modify disposition. Pragmatically, those matters cannot be accomplished in a matter of a few hours or a few days.
The appellant's strict interpretation of section 54.05(a)(2) would, in legal effect, actually reduce the probationary period and the court's control and authority over the probationer for the full probationary term. Obviously, the Legislature did not intend that result by enacting the phrase, "by operation of law." Consequently, we conclude that when a petition to modify disposition is filed within the probationary term for an alleged violation of the terms and conditions of probation which occurred within the probationary period, and the court proceeds to orderly disposition of that petition within a reasonable time with full regard for the procedural and substantive rights of the child, the court has authority to modify the prior disposition order even though the modification occurs after the termination date specified by the prior order.
In this instance, the record shows compliance with the procedural safeguards required to antedate a determination of the modification application, and appellant does not suggest that afterwards the court failed to act within a reasonable time. Consequently, the appellant's point of error is overruled.
The trial court's judgment is affirmed.
NOTES
[1] All future references to sections are to Texas Family Code Ann. (Vernon 1975 & Pamp. 1985).
[2] When reviewing the revocation proceedings of a person placed on adult probation, the court in Bobo determined that where the violation occurred and a warrant was issued within the probationary period and the hearing is not, thereafter, unduly delayed, probation may be revoked after the period has expired. See also Ex parte Fennell, 284 S.W.2d 727 (Tex.Crim.App. 1955).
[3] It is undisputed that the appellant was born on 21 November 1968, and that he had not reached his 18th birthday when the judgment in question was rendered on 23 February 1984.