**Leslie Elliot HOLTZMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00857–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1993.

Discretionary Review Refused
Feb. 16, 1994.

David Cunningham, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before MURPHY, SEARS and
DRAUGHN, JJ.

**OPINION**

MURPHY, Justice.

This is an appeal from an order revoking appellant's probation. Appellant, Leslie Elliot Holtzman, contends the State of Texas failed to use due diligence in arresting him and affording him a hearing on the revocation motion. We reverse the order revoking probation, and remand the cause to the trial court.

Appellant entered a plea of guilty before the court to the offense of theft on March 27, 1984. That same day, the trial court placed him on five years probation. On January 13, 1987, the State filed a Motion to Revoke Probation, based on appellant's failure to report to the probation office and his nonpayment of fees. A capias also issued January 13, 1987, but was not executed until appellant's arrest in August or September of 1991,[1] over two and a half years after the probationary term had expired. A hearing on the motion to revoke was held ten or eleven months later, on July 28, 1992. Appellant's Motion to Dismiss for Want of Jurisdiction was denied and appellant's probation was revoked. Pursuant to a plea agreement, he was then sentenced to four years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a notice of appeal from the denial of his Motion to Dismiss for Want of Jurisdiction, which was signed by the trial judge.

■ In his sole point of error on appeal, appellant argues that the trial court had no jurisdiction to revoke his probation after the term had expired because the State did not exercise due diligence in arresting him and bringing him before the trial court for a hearing. We agree.

---

1. There is a discrepancy in the record as to the date of appellant's arrest. The Warrant Service Status Sheet filled out by the Harris County Sheriff's Department lists the arrest date as September 27, 1991. However, a letter from a bond company shows appellant's bond to have been posted August 22, 1991. For the purposes of this appeal, this date discrepancy of one month is irrelevant.

A trial court has jurisdiction to revoke probation imposed pursuant to Tex.Code Crim.Proc.Ann. art. 42.12 § 3 (Vernon Supp. 1993) after the probationary term has expired if three requirements are met:

(1) a motion alleging a violation of the terms of probation was filed prior to the expiration of the probationary period;

(2) a capias or arrest warrant was issued prior to the expiration of the term; and

(3) the State used due diligence in apprehending the probationer, and in hearing and determining the allegations in the motion.

*Harris v. State*, 843 S.W.2d 34, 35 (Tex.Crim. App.1992); *Rodriguez v. State*, 804 S.W.2d 516, 517 (Tex.Crim.App.1991) (quoting *Prior v. State*, 795 S.W.2d 179, 184 (Tex.Crim.App. 1990)).

The parties do not dispute that the first two requirements have been met. The State filed its Motion to Revoke Probation on January 13, 1987 and a capias issued the same day. Since appellant's probation expired on March 27, 1989, both the filing of the motion to revoke and the issuance of the capias occurred within the probationary period.[2] Therefore it was proper for the trial court to conduct a hearing on the State's motion. *Rodriguez*, 804 S.W.2d at 517.

■ The sole issue at the hearing and on appeal concerns the State's obligation to use due diligence in attempting to apprehend the appellant, and in conducting a hearing on the allegations contained in the motion to revoke. Appellant raised the issue in his Motion to Dismiss for Want of Jurisdiction. Once the appellant raised the issue of lack of due diligence, the burden shifted to the State to show that it exercised diligence in apprehending the appellant, and in hearing and determining the allegations in the motion. *Harris*, 843 S.W.2d at 35; *Rodriguez*, 804 S.W.2d at 517.

In *Rodriguez*, the Court of Criminal Appeals found that an unexplained delay of two years between the issuance of an arrest warrant and the defendant's arrest was fatal. Likewise, in *Langston v. State*, 800 S.W.2d 553 (Tex.Crim.App.1990), the State failed to meet its burden of showing due diligence when there was an unexplained delay of eight months between the motion to revoke and the defendant's arrest. And a delay of nearly two years between the filing of the motion to revoke and the hearing on the motion was found to be unexplained and therefore fatal in *Perry v. State*, 841 S.W.2d 924 (Tex. App.—Corpus Christi 1992, no writ).

In the present case, the State contends that it exercised due diligence in attempting to apprehend appellant, and that any delay in appellant's arrest or in hearing the motion to revoke is due to the actions of the appellant himself in fleeing the jurisdiction and being jailed elsewhere. *See, Bryant v. State*, 496 S.W.2d 565 (Tex.Crim.App.1973). However, the State presented no evidence to the trial court to prove that appellant had fled the jurisdiction, nor did the State present evidence explaining the delays in apprehending appellant and affording him a hearing.

No live testimony was presented at the revocation hearing. The sole evidence brought before the trial court was the Warrant Service Status Sheet filled out by the Harris County Sheriff's Department. This sheet shows that the State entered appellant's name in the TCIC/NCIC system the day after the capias issued, and made one attempt to contact appellant at his listed address one week after the capias issued. According to the notation made by the deputy who attempted to contact appellant, an unidentified person at that address told the deputy that appellant was in jail in Pinellas County, Florida and that Harris County could contact that jurisdiction for more information. There is no evidence that the State contacted Florida to confirm that appellant was incarcerated, or made any further attempts to locate appellant. The next entry on the sheet does not appear for over four and a half years, when appellant was arrest-

---

2. The State filed an Amended Motion to Revoke Probation on May 21, 1992. Because the probationary period had already expired on March 27, 1989, the amended motion was void. *Guillot v. State*, 543 S.W.2d 650, 653 (Tex.Crim.App.1976).

However, the record reflects that the trial court revoked appellant's probation based upon the original motion that was filed within the probationary period.

ed in Dallas County. We find that the State's making only one attempt to arrest appellant and then not following up the attempt·does not constitute due diligence.

The delay between the filing of the motion to revoke probation and appellant's arrest was four years and seven or eight months. In addition, the delay between appellant's arrest and the hearing on the motion was ten or eleven months, and the delay between the expiration of the probationary period and the hearing was three years and six months. The State has failed to meet its burden to explain such delays. Based on the evidence before the trial court, we hold that the State failed to exercise due diligence in apprehending appellant and bringing him before the trial court for a hearing on the revocation motion. The trial court should have granted appellant's motion to dismiss. The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to set aside the order revoking appellant's probation.

DRAUGHN, Justice, dissenting.

I dissent. Perhaps as a lone voice in the judicial wilderness who still believes that the responsibility for a criminal to adhere to the terms of his probation, and to be accountable for violations thereof, belongs to the criminal.

Here the criminal stopped reporting to his probation officer and stopped paying the required fees, both of which were conditions he understood and agreed to, and which enabled him to avoid going to prison. Evidence in the record also reflected he was no longer at the address he listed with the probation authorities, another violation of the probation conditions that kept him from being punished for his crime. Further evidence also reflected that he was incarcerated in the State of Florida. All told, there were at least five violations of his probation agreement.

In a strange reversal of common sense, when the admitted law violator pleads "due diligence," we appellate judges do not review the offending criminal's conduct to assess whether he should have been punished for violating his probation and thus for the admitted offense which it conditionally shielded. Rather, we examine the conduct of the state by asking, "Did the state use due diligence in finding the criminal who violated his probation?" The statute is clear, due diligence is the standard. But how that standard should be applied in a judicial revocation hearing is not so clear. More specifically, I have difficulty with the majority's implicit conclusion that to raise the issue of due diligence, all the criminal needs to do is to use the words "due diligence" in his petition. I believe that we should require more of him than that; particularly, when the evidence, as here, indicates that the offender left the state of Texas.

It seems inherently practical to me that, as a minimum, he should be required under such circumstances to show where he was during the time he chose to violate his probation by not reporting. The majority, however, says implicitly that he need do nothing. He does not even have to deny that he didn't report to his probation officer or failed to pay his required fee. Further, in the face of evidence that he was out of state in violation of his probation, he did not, and indeed, the majority says that he need not, deny that he left the state.

Comparatively, I have less concern with the cases cited by the majority in support of its decision. *Harris v. State*, 843 S.W.2d 34 (Tex.Crim.App.1992); *Rodriguez v. State*, 804 S.W.2d 516 (Tex.Crim.App.1991); *Langston v. State*, 800 S.W.2d 553 (Tex.Crim.App. 1990). At least in those cases, each of the offenders developed the issue of due diligence by showing that he was continually at an address in the state of Texas during the period of his probation, and that the address was either known to state officials, or should have been known to them. In spite of which, the state failed to timely arrest the probation violators. Here, even in the face of evidence indicating he was out of state after the capias was issued, appellant was not required to show where he was, a fact uniquely within his knowledge.

In my opinion, to allow the criminal to stand mute and hide behind the words "due diligence," puts all of the responsibility and burden in the wrong party in our criminal justice system. In effect, it rewards the clever, devious parole violator by allowing

him to say by his silence, "if you can't prove that you did enough to catch me, I go unpunished for my admitted crime whether I'm in the state, out of the state, or presumably out of the country."

Instead of this try-to-catch-me-soon-or-I-go-free concept, I would opt for one of minimal self-responsibility that requires the criminal, who is faced with contrary evidence as to his whereabouts, which if true constituted a *per se* violation of his probation, to do something more than just plead the words, to raise and implicate the issue of due diligence. Otherwise, to be completely accurate, probation orders should include the following words: "This probation order is voidable in that you can ignore its terms and go unpunished, provided you can hide out until it expires, plead 'due diligence', and provided the authorities are unable to show that they looked hard enough for you." Hyperbole? Perhaps. But when stripped of its veneer, that is essentially what we have put into effect by our misplaced application of responsibility in probation revocations. We devalue the deterrent effect of probation by our rulings.

I therefore respectfully dissent and register my single judicial vote against this misplaced allocation of criminal responsibility. I would affirm the trial court's revocation of appellant's probation.