**Jerry Paul McKELVY, Appellant,**

v.

**The STATE of Texas, Appellee**

**Nos. 14–98–00138–CR, 14–98–00139–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 7, 1999.

**322**

Lawrence T. Newman, Houston, for appellant.

William J. Delmore, III, Houston, for appellee.

Panel consists of Justices SEARS, CANNON, and LEE.[1]

## OPINION

ROSS A. SEARS, Justice (Assigned).

In this appeal, Jerry Paul McKelvy contests the trial court's jurisdiction to revoke his probation after his probationary term had expired. We reverse and render.

McKelvy pleaded guilty to felony theft and felony criminal mischief on August 28, 1989. *See* Act of May 19, 1983, 68th Leg., R.S., ch. 497, §§ 1 and 3, 1983 Tex. Gen. Laws 2917 and 2918 (amended) (current versions at TEX. PEN.CODE ANN. §§ 28.03 and 31.03). He was sentenced to six years, probated. On February 23,1990, the State filed a motion to revoke probation; capiases were issued on both offenses. Although he was arrested and held twice on these warrants, he made bond both times and no hearing was set on the state's motion to revoke. Finally, McKelvy was arrested on November 19, 1997, after his term of probation expired. McKelvy filed a Motion to Dismiss Motion to Revoke Probation; the trial court denied this motion after a hearing. On January 5, 1999 the trial court sentenced McKelvy to two years in prison. In one point of error McKelvy contends the trial court erred in revoking his probation after his term expired because the state did not prove due diligence in arresting him and in obtaining a hearing.

## DUE DILIGENCE

█ A trial court has jurisdiction to revoke probation imposed pursuant to TEX.

1. Senior Justices Ross A. Sears, Bill Cannon, and Norman Lee sitting by assignment.

CODE CRIM. PROC. ANN. art. 42.12 § 3 (Vernon Supp.1999) after the probationary period has expired if three requirements are met:

1) a motion alleging violation of the terms of probation was filed prior to the expiration of the probationary period;

2) a capias or arrest warrant was issued prior to the expiration of the term;

3) the State used due diligence in apprehending the probationer, and *in hearing and determining the allegations in the motion.* (emphasis added.)

*Harris v. State,* 843 S.W.2d 34, 35 (Tex. Crim.App.1992); *Holtzman v. State,* 866 S.W.2d 728, 729 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd).

█ It is undisputed that a motion to revoke was filed prior to the end of the probationary term. It is also undisputed that a capias for McKelvy's arrest issued before the end of the probationary period, and that appellant was arrested each time. However, the State failed to set their motion for a hearing. The question becomes whether the trial court erred in determining that the state exercised due diligence in this case. We believe that it did.

First, we must note what we believe is the relevant delay. The state did exercise diligence in arresting McKelvy; less than six weeks elapsed between the state's motion to revoke and his first arrest. The delay which the State must explain is the seven-year delay in hearing and determining the allegations in that motion to revoke. Other courts have found shorter delays to be unreasonable. *See, e.g., Langston v. State,* 800 S.W.2d 553 (Tex. Crim.App.1990) (ten months); *Rodriguez v. State,* 804 S.W.2d 516 (Tex.Crim.App. 1991) (two years); *Holtzman v. State,* 866 S.W.2d 728 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (five years, six months).

Second, this record shows no evasive conduct by McKelvy to hide his whereabouts in order to make his arrest more difficult. The record shows McKelvy had lived at two addresses while in Fort Worth and held a job with the same company for five years. The Tarrant County probation office knew where he was; in fact, McKelvy reported to them on a regular basis on an unrelated offense. This record also shows that McKelvy retained a Houston lawyer who contacted the State on McKelvy's behalf when McKelvy became aware that there was a warrant out for his arrest.

The only explanation offered by the state for this delay is that McKelvy twice posted bond and was released before a hearing could be set on the motion to revoke. McKelvy was entitled to bond. *See Gutierrez v. State,* 927 S.W.2d 783 (Tex.App.-Houston [14th Dist.] 1996, no writ). When McKelvy bonded out, the State inexplicably did not follow up with a court date and did not further contact McKelvy or his attorney.

The State does not explain its failure to follow up, or why it apparently did not copy McKelvy's address from the bond and contact him there. The State does offer two excuses for this delay. We will take each of these in turn.

█ The first explanation offered by the State for the delay is that McKelvy never reported to a probation officer in Tarrant County on his Harris County convictions. However, a lack of cooperation on the part of a defendant is not sufficient to show due diligence on the part of the state. *Langston,* 800 S.W.2d at 555.

Secondly, the State argues that McKelvy's file shows "the State took forty-two actions in its attempts to apprehend appellant." However, the State's assertion does not withstand detailed scrutiny. Two of the forty-two cited actions occurred before McKelvy pleaded guilty and so do not concern us here. Another fourteen of the actions are essentially duplicates of earlier entries, with minor modifications. Of the remaining 26 actions, most cluster around the three times McKelvy was actually arrested on these warrants. A handful of others show routine bookkeeping measures; none of these remaining actions reflect an independent attempt to contact McKelvy.

Finally, the State argues its actions are excused by *Bryant v. State*, 496 S.W.2d 565 (Tex.Crim.App.1973). We believe *Bryant* can be factually distinguished. McKelvy was neither extradited from another state nor incarcerated in another state, as was the case with the defendant in *Bryant*. We therefore find *Bryant* inapplicable.

### CONCLUSION

McKelvy was twice arrested and held on the probation revocation warrants. He was twice released on bonds which on their face showed appellant's address. Further, the State was contacted by McKelvy's attorney who requested that he be notified when a hearing could be scheduled on the motions to revoke. Because the State failed to explain the seven-year delay between issuance of warrants and the hearing on the State's motion to revoke, it failed to carry its burden to show due diligence in apprehending McKelvy. The trial court therefore should have granted his motion to dismiss the motion to revoke. We REVERSE the judgment of the trial court and RENDER judgment setting aside the order revoking appellant's probation.