31 S.W.3d 668 (2000)
In the Matter of J.A.D., a Juvenile.
No. 10-99-268-CV.
Court of Appeals of Texas, Waco.
October 4, 2000.
*669 Scott K. Stevens, Belton, for appellant.
Riley J. Simpson, Coryell County Dist. Atty., Richard L. Mackay, Jr., Asst. Dist. Atty., Gatesville, for appellee.
Before Chief Justice DAVIS, Justices VANCE and GRAY.

OPINION
BILL VANCE, Justice.
The court below sitting as a juvenile court found that Appellant J.A.D. had engaged in delinquent conduct by committing the offense of arson and placed J.A.D. on probation for one year. See Tex.Fam.Code Ann. § 54.03(f) (Vernon Supp.2000); Tex.Pen.Code Ann. § 28.02(a)(2)(A) (Vernon Supp.2000). The State filed a motion to modify this disposition shortly before the expiration of the probationary term and later amended the motion to modify after the term had expired. The court heard the amended motion, modified the disposition, and committed J.A.D. to the Texas Youth Commission without a determinate sentence. J.A.D. claims in a single issue that the court erred by proceeding on the amended motion to modify because it was filed after his probationary term expired.

BACKGROUND
The court originally placed J.A.D. on probation on August 4, 1998. The State filed a motion to modify this disposition on August 3, 1999, one day before the probationary term expired. The motion to modify was set for hearing on August 9. The State filed a first amended motion to modify on August 5 and a motion for continuance on August 9. At the August 9 hearing, the court denied the State's motion for continuance because the State failed to exercise due diligence in securing the attendance of the witnesses on whose absence the State premised the need for a continuance.
J.A.D. argued that the State's first amended motion to modify was untimely because it had been filed less than seven days before trial without leave of court. The court agreed, struck the amended motion, and directed the State to proceed on the original motion. The court then determined, however, that J.A.D. had never been personally served with a copy of the original motion to modify. Accordingly, the court postponed the matter for sixteen days.
The State filed a second amended motion to modify on August 11. J.A.D. filed a motion to dismiss this motion because it was filed after the expiration of his probationary *670 term. At the beginning of the August 25 hearing, the court heard J.A.D.'s motion. The court denied the motion because it considered the amended motion to relate back to the time the original motion was filed under the Rules of Civil Procedure and because J.A.D. did not claim that he had insufficient time to prepare his defense to the amended motion.

APPLICABLE LAW
We review a court's decision to modify a juvenile disposition under an abuse-of-discretion standard. See In re M.A.L., 995 S.W.2d 322, 324 (Tex.App.-Waco 1999, no pet.); In re Cockrell, 493 S.W.2d 620, 627 (Tex.Civ.App.-Amarillo 1973, writ ref'd n.r.e.). According to section 54.05(a) of the Family Code, a court may modify a juvenile disposition, other than a commitment to the Texas Youth Commission, until the child becomes eighteen years old or "is earlier discharged by the court or operation of law." Tex.Fam.Code Ann. § 54.05(a) (Vernon Supp.2000).
The Code of Criminal Procedure contains similar provisions for the modification or revocation of an adult criminal defendant's community supervision. See Tex.Code Crim.Proc.Ann. art. 42.12, §§ 21, 22, 23 (Vernon Supp.2000). For this reason, appellate courts reviewing the modification of juvenile dispositions have looked to adult revocation cases for guidance in determining the appropriate procedures to be followed in juvenile cases. See, e.g., In re R.G., 687 S.W.2d 774, 776-77 (Tex.App.-Amarillo 1985, no writ); Franks v. State, 498 S.W.2d 516, 518 (Tex.Civ.App.-Texarkana 1973, no writ); see also In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); In re D.I.B., 988 S.W.2d 753 (Tex.1999).
In R.G., the Amarillo Court of Appeals applied precedent from the Court of Criminal Appeals to determine whether a juvenile court can hear a motion to modify after the expiration of the probationary term. The Court held:
[W]hen a petition to modify disposition is filed within the probationary term for an alleged violation of the terms and conditions of probation which occurred within the probationary period, and the court proceeds to orderly disposition of that petition within a reasonable time with full regard for the procedural and substantive rights of the child, the court has authority to modify the prior disposition order even though the modification occurs after the termination date specified by the prior order.
R.G., 687 S.W.2d at 777. The Court relied on Bobo v. State to reach this conclusion. See id. at 776 (citing Bobo v. State, 479 S.W.2d 947, 949 (Tex.Crim.App.1972)).
The Court of Criminal Appeals first enunciated the rule applied in Bobo in the case of Ex parte Fennell. See Bobo, 479 S.W.2d at 949 (citing Ex parte Fennell, 162 Tex.Crim. 286, 288, 284 S.W.2d 727, 728-29 (1955)). In Fennell, the Court established the principle that a hearing on a timely-filed revocation motion may be conducted after the expiration of the probationary term if the hearing is not "unduly delayed." Fennell, 162 Tex.Crim. at 288, 284 S.W.2d at 728-29 (quoting State ex rel. Lee v. Coker, 80 So.2d 462, 463 (Fla.1955)). This principle has come to be known as the "due diligence" requirement. See Brecheisen v. State, 4 S.W.3d 761, 763 (Tex. Crim.App.1999). Thus, the State must use "due diligence in executing the capias that results from the motion to revoke," and the trial court must use "due diligence in hearing and determining the allegations in the revocation motion." Id.
In these due diligence cases, the Court of Criminal Appeals has also determined that the State may not amend a timely-filed revocation motion after the probationary term has expired. See Guillot v. State, 543 S.W.2d 650, 653 (Tex.Crim.App. 1976); accord Holtzman v. State, 866 S.W.2d 728, 729 n. 2 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd); Crockett v. State, 840 S.W.2d 160, 162 (Tex.App.-Houston [1st Dist.] 1992, no pet.); Chreene *671 v. State, 691 S.W.2d 748, 750 (Tex.App.-Texarkana 1985, pet. ref'd). The Court described an amended revocation motion filed after the expiration of the probationary term as "a nullity." Guillot, 543 S.W.2d at 653. The appellate courts in the more recent decisions cited above referred to such pleadings as "void." See Holtzman, 866 S.W.2d at 729 n. 2; Crockett, 840 S.W.2d at 162; Chreene, 691 S.W.2d at 750.
In Guillot, the State timely filed a revocation motion alleging in part that the defendant had violated the conditions of his probation by being in possession of cocaine. Id. Guillot, 543 S.W.2d at 651. The State filed an amended motion after the probationary term had expired, altering the allegation to allege possession of heroin. Id. at 651-52. The Court held that the trial court could revoke only upon proof of one of the violations alleged in the timely-filed motion. Id. at 653. Because the defendant pled true to one of the allegations contained in the original revocation motion, the Court affirmed the judgment. Id.; accord Chreene, 691 S.W.2d at 750.
In J.A.D.'s case, the court relied on the rule in civil cases that under certain circumstances an amended petition will be deemed to relate back to the date of the original petition for limitations purposes. See Enserch Corp. v. Parker, 794 S.W.2d 2, 4-5 (Tex.1990); Cooke v. Maxam Tool & Supply, Inc., 854 S.W.2d 136, 141 (Tex.App.-Houston [14th Dist.] 1993, writ denied); Tex.Civ.Prac. & Rem.Code Ann. § 16.068 (Vernon 1997). Section 51.17(a) of the Family Code provides that the Rules of Civil Procedure generally govern juvenile proceedings except on the burden of proof or when in conflict with the provisions of the Juvenile Justice Code.[1] Tex.Fam.Code Ann. § 51.17(a) (Vernon Supp.2000); see also D.I.B., 988 S.W.2d at 756. The Austin Court of Appeals has described such proceedings in this manner:
Juvenile delinquency proceedings are both civil and criminal in nature. In light of the very real possibility of loss of liberty faced by the juvenile respondent, juvenile proceedings have been characterized as "quasi-criminal," with procedural requirements similar to those in adult prosecutions.
In re S.L.L., 906 S.W.2d 190, 192 (Tex.App.-Austin 1995, no writ); accord In re M.R., 846 S.W.2d 97, 100-01 (Tex.App.-Fort Worth 1992), writ denied per curiam, 858 S.W.2d 365 (Tex.1993).
Because of the "quasi-criminal" nature of juvenile proceedings and because permitting amendments to motions to modify after the expiration of the probationary term would conflict with section 54.05(a) of the Family Code, which permits modification only during the term of probation, we hold that the civil rule that amended pleadings can relate back to the date of the original pleading for limitations purposes does not apply to motions to modify a juvenile disposition which are filed after the expiration of the probationary term.

APPLICATION
The State filed its second amended motion to modify J.A.D.'s disposition after the expiration of his probationary term. Therefore, the second amended motion is "a nullity" and the court had no authority to act upon it. Guillot, 543 S.W.2d at 653; accord Holtzman, 866 S.W.2d at 729 n. 2; Crockett, 840 S.W.2d at 162; Chreene, 691 S.W.2d at 750. Nevertheless, the court's error in acting upon the untimely motion could be harmless if the court found that J.A.D. committed one of the violations alleged in the original motion and if the evidence supports such a finding. See Guillot, 543 S.W.2d at 653; Chreene, 691 S.W.2d at 750. However, the State has never served the original motion to modify on J.A.D. Thus, the allegations of this motion cannot serve as a basis for affirmance of the judgment. See Tex. R.Civ.P. 21 (any motion requesting an order *672 must first be served on opposing party); see also D.I.B., 988 S.W.2d at 756. Accordingly, we sustain J.A.D.'s sole issue.
We reverse the judgment and remand this cause for further proceedings consistent with this opinion.
Chief Justice DAVIS dissenting.
REX D. DAVIS, Chief Justice, dissenting.
The majority concludes that the allegations of the original motion to modify cannot serve as a basis to affirm the judgment because the State failed to serve J.A.D. with a copy of the original motion. Because this conclusion does not address the question of whether J.A.D. was harmed by the court's error in acting on the untimely-filed second amended motion, I respectfully dissent.
Whenever we find error in the proceedings below, we must conduct a harm analysis, except when the error "defies analysis by harmless error standards or the data is insufficient to conduct a meaningful harmless error analysis." In re D.I.B., 988 S.W.2d 753, 759 (Tex.1999) (quoting Cain v. State, 947 S.W.2d 262, 264 (Tex.Crim. App.1997)). According to Rule of Appellate Procedure 44.1(a)(1), we cannot reverse the judgment unless we conclude that the error "probably caused the rendition of an improper judgment." Tex. R.App.P. 44.1(a)(1); see also In re C.P., 998 S.W.2d 703, 712 (Tex.App.-Waco 1999, no pet.).
The original motion to modify alleges in part that J.A.D. violated the conditions of his probation by being expelled from school on November 6, 1998. The court found this allegation to be true. J.A.D. does not challenge the sufficiency of the evidence to support this finding. Accordingly, I would conclude that the court's error in proceeding on the untimely-filed motion did not result in "rendition of an improper judgment." See Guillot v. State, 543 S.W.2d 650, 653 (Tex.Crim.App.1976); Chreene v. State, 691 S.W.2d 748, 750 (Tex. App.-Texarkana 1985, pet. ref'd). Thus, I would affirm the judgment.
NOTES
[1] Title 3 of the Texas Family Code.