NO. 12-05-00048-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
§APPEAL FROM THE 
IN THE MATTER OF
§COUNTY COURT AT LAW
 
L.T., III, A JUVENILE                                      §                 HOUSTON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant L.T., III appeals the juvenile court’s order modifying disposition and committing
him to the Texas Youth Commission. On appeal, L.T. contends that the juvenile court erred by
allowing the uncorroborated testimony of an accomplice witness. We affirm.
 
Background
            On October 24, 2003, the juvenile court found beyond a reasonable doubt that, on or about
October 3, 2003, L.T. engaged in delinquent conduct by committing the third degree felony offense
of “places weapons prohibited,” in violation of section 46.03 of the Texas Penal Code. See Tex.
Pen. Code Ann. § 46.03 (Vernon 2003). The juvenile court ordered that L.T. be placed on juvenile
probation for one year until October 24, 2004. The terms and conditions of his probation included
the following:
 
1.Commit no offense against the laws of the State of Texas, or any subdivision thereof, or any
other State, or of the United States, including traffic regulations. If you are detained, arrested
or questioned by a law Enforcement Official, you must report to your Juvenile Probation
officer, in person, within forty eight (48) hours and report such arrest or questioning.
 
10.Avoid carrying any weapons designed for offense or defense including, but not limited to a
knife, club, rifle, pistol, shotgun, or chain.


            On September 16, 2004, the State filed a motion to modify disposition alleging that L.T.
violated conditions 1 and 10 of his court ordered probation. At the hearing on the State’s motion,
the State called Christopher Dancer as a witness. L.T. objected to his testimony, arguing that Dancer
may be an accomplice witness. If so, L.T. contended that, without corroboration, Dancer’s testimony
was inadmissible pursuant to article 38.14 of the Texas Code of Criminal Procedure. Although the
State did not consider Dancer an accomplice witness, it argued that the accomplice witness rule did
not apply to a probation revocation. The juvenile court overruled L.T.’s objection and Dancer
testified.
            At the conclusion of the hearing, the juvenile court found, by a preponderance of the
evidence, that L.T. violated a reasonable and lawful court order by violating conditions 1 and 10 of
his court ordered probation. The juvenile court committed L.T. to the Texas Youth Commission
indeterminately, not to exceed beyond the child’s twenty-first birthday, and signed an order
incorporating its ruling. This appeal followed.
 
Accomplice Witness Testimony
            In his sole issue on appeal, L.T. argues that the juvenile court erred in allowing the
uncorroborated testimony of an accomplice witness. More specifically, L.T. contends that, unlike
a probation revocation hearing, a hearing on a motion to modify disposition is partially an
adjudicatory proceeding and, thus, article 38.14 of the Texas Code of Criminal Procedure applies.
The State disagrees, contending that article 38.14 does not apply to revocation proceedings, either
adult or juvenile. 
            A trial court’s modification of a juvenile disposition is reviewed under an abuse of discretion
standard. Matter of T.R.S., 115 S.W.3d 318, 320 (Tex. App.–Texarkana 2003, no pet.). In a
modification hearing, the decision whether to revoke rests within the discretion of the trial court. 
Id. The trial court is not authorized to modify a juvenile’s disposition without a showing that the
juvenile has violated a condition of the probation imposed by the court. Tex. Fam. Code Ann.
§ 54.05(f) (Vernon 2002); Matter of T.R.S., 115 S.W.3d at 320. The burden of proof in a
modification hearing is by a preponderance of the evidence. Tex. Fam. Code Ann. § 54.05(f); Cobb
v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993); Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984). 
            A trial court’s refusal to exclude witness testimony is reviewed under an abuse of discretion
standard. Matter of J.G., 112 S.W.3d 256, 259 (Tex. App.–Corpus Christi 2003, no pet.). The
Texas Family Code contains provisions for the modification of a juvenile’s disposition that are
similar to the provisions in the Texas Code of Criminal Procedure pertaining to the revocation of an
adult’s probation. See Matter of J.A.D., 31 S.W.3d 668, 670 (Tex. App.–Waco 2000, no pet.). For
this reason, appellate courts reviewing the modification of a juvenile’s disposition have looked to
adult revocation cases for guidance in determining the appropriate procedures in juvenile cases. Id.
Similar to article 38.14 of the Texas Code of Criminal Procedure,


 section 54.03(e) of the Texas
Family Code states as follows:
 
An adjudication of delinquent conduct or conduct indicating a need for supervision cannot be had
upon the testimony of an accomplice witness unless corroborated by other evidence tending to connect
the child with the alleged delinquent conduct or conduct indicating a need for supervision; and the
corroboration is not sufficient if it merely shows the commission of the alleged conduct.


Tex. Fam. Code Ann. § 54.03(e) (Vernon 2002). However, in an adult’s probation revocation
hearing, article 38.14 does not apply. Moreno v. State, 476 S.W.2d 684, 685 (Tex. Crim. App.
1972). Thus, the uncorroborated testimony of an accomplice witness is sufficient to authorize a trial
court to revoke an adult’s probation. Howery v. State, 528 S.W.2d 230, 233 (Tex. Crim. App.
1975); Hulsey v. State, 447 S.W.2d 165, 167 (Tex. Crim. App. 1969). Similar to a hearing on
modifying a juvenile’s disposition, the burden of proof in an adult’s revocation hearing is a
preponderance of the evidence. See Cobb, 851 S.W.2d at 874; Cardona, 665 S.W.2d at 493. 
            Looking to adult revocation cases for guidance and noting the similarity in substance between
the adult and juvenile accomplice witness rules, we conclude that neither article 38.14 of the Texas
Code of Criminal Procedure nor section 54.03(e) of the Texas Family Code applies to the
modification hearing of a juvenile’s disposition. See In re J.A.D., 31 S.W.3d at 670. Thus,
Dancer’s testimony as an accomplice witness required no corroboration. Therefore, the trial court
did not abuse its discretion in allowing Dancer to testify without corroboration. Accordingly, L.T.’s
sole issue is overruled.
 
Disposition
            The judgment of the trial court is affirmed.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered January 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

















(PUBLISH)