02-10-368-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00368-CV

 

 


 
 
 In the Matter of B.S., a Child
 
 
  
 
 
  
 
 


 

 

----------

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
B.S. appeals the judgment modifying his prior disposition and the order committing
him to the Texas Youth Commission (TYC).  We will affirm.

          In
February 2010, B.S. was adjudged delinquent for unauthorized use of a motor
vehicle, a felony, and placed on probation for one year.  One of the terms of
B.S.’s probation ordered him to “attend and successfully complete counseling
for Drug/Mental Issues” at North Texas State Hospital in Vernon (the Hospital).
 In April 2010, the State filed a motion to modify disposition, alleging that
B.S. had violated his probation “by being unsuccessfully discharged from his
court ordered placement on March 26, 2010 from the North Texas State Hospital
in Vernon, Texas.”  The trial court conducted several hearings on the State’s
motion, found that B.S. had violated his probation, revoked B.S.’s probation,
and ordered B.S. committed to the TYC for an indeterminate period not to exceed
his nineteenth birthday.

          In
his only point, B.S. argues that the trial court abused its discretion by
modifying his disposition and committing him to the TYC because the State did
not prove that he had been ordered to successfully complete a treatment program
at the Hospital, that the disposition being modified was based on felonious
conduct, and that he violated a “reasonable” order of the court.

          A
trial court’s modification of disposition is governed by family code section
54.05.  Tex. Fam. Code Ann. § 54.05 (West 2008).  When a juvenile’s prior
disposition is based on a finding that the juvenile engaged in a felony
offense, the trial court may modify the disposition and commit the juvenile to
the TYC if the court finds by a preponderance of the evidence that the juvenile
violated a reasonable and lawful order of the court.  Id. § 54.05(f). 
Juvenile courts are vested with a great amount of discretion in determining the
suitable disposition of children found to have engaged in delinquent conduct,
and this is especially so in hearings to modify disposition.  In re
D.R.A., 47 S.W.3d 813, 815 (Tex. App.—Fort Worth 2001, no pet.). 
Consequently, we review an order committing a juvenile to the TYC under an
abuse of discretion standard.  In re J.P., 136 S.W.3d 629, 632
(Tex. 2004).  A trial court abuses its discretion when it acts arbitrarily or
unreasonably or without reference to guiding rules or principles.  In re
D.R., 193 S.W.3d 924, 924 (Tex. App.—Dallas 2006, no pet.).

          Carnelius
Carey testified at the hearing on the State’s motion to modify disposition that
he is a placement probation officer for Tarrant County Juvenile Probation; that
he transported B.S. to the Hospital on February 25, 2010; that he received
reports from the Hospital that B.S. “was having some problems controlling his
anger, aggression, and being non-compliant with staff directions”; and that he
was notified that B.S. was going to be unsuccessfully discharged from the
hospital on or about March 26, 2010.

          John
Hamby testified at the hearing that he is a social worker at the Hospital; that
he worked with B.S. on a daily basis during B.S.’s placement at the Hospital;
and that B.S. acted out, cursed, yelled at staff, kicked doors open, and
threatened staff and other patients at the Hospital.  Hamby said that B.S.
showed improvement every day but that he was also involved in some type of
“negative” incident at least once per day.  Hamby explained that it is the
Hospital’s policy to discharge a patient when the patient commits an
“intolerable infraction,” that B.S. was aware of the policy, and that B.S.
committed such an “intolerable infraction” when he assaulted a staff member. 
Hamby testified as follows about the incident:

Q.      Are you aware
of whether or not it was him being the aggressor and trying to hit staff or if
he was trying to get away from staff and the staff was hit?  Do you recall the
circumstances regarding that?

 

A.      According to
the staff, [B.S.] was wanting to speak with me, I believe, at the time, and he
went back to my office.  I was not there, but the office was open, and he went
in the office and sat down.  The staff asked him to leave and he did not so
they were escorting him out of the office, and that’s at the point where he hit
the staff.

 

Q.      Okay.  Are
you aware if he was just trying to get away from them or if he actually went
forward and attacked the staff?

 

A.      No, I don’t
think he went forward and attacked them, because they -- I think they put their
hands on him to escort him out at the time, so they would have been in close
contact at that point.

 

According
to Hamby, it was B.S.’s actions that caused him to be unsuccessfully discharged
from the Hospital.

          Dr.
Enrique Del Campo testified at the hearing that he is a psychiatrist at the
adolescent unit of the Hospital, that B.S. was much more disruptive than the
average patient, and that he made the decision to discharge B.S.  Regarding the
assault on the staff member, Dr. Del Campo testified that B.S. “actually
punched one of the staff members in the face three times.”

          Based
on the foregoing evidence, we hold that the trial court could have reasonably
concluded that the State proved by a preponderance of the evidence that B.S.
was unsuccessfully discharged from his placement at the Hospital on March 26,
2010.

          Without
citing any authority, B.S. argues that the State did not prove that he was
ordered to successfully complete a treatment program at the Hospital nor that
the disposition being modified was based on felonious conduct because the State
did not “offer any court order as an exhibit,” “request the trial court to take
judicial notice of a prior court order,” or “present evidence of this during
the hearing on the merits of its modification motion.”  Appellate courts
reviewing the modification of a juvenile’s disposition have looked to adult
revocation cases for guidance in determining the appropriate procedures in
juvenile cases.  In re J.A.D., 31 S.W.3d 668, 670 (Tex. App.—Waco
2000, no pet.).  In an adult revocation proceeding, “formal proof of the terms
of the probation are not necessary” and the “State [does not have to] prove the
conviction and the terms of probation” “as long as the judgment and order of
probation appear in the record on appeal.”  Cobb v. State, 851 S.W.2d
871, 873–74 (Tex. Crim. App. 1993) (“[T]he nature of the continuing
jurisdiction makes the proof of the documents, which is an extension of the
sentencing power of the trial court, unnecessary.”).  In this case, the
judgment of delinquency, order of probation with placement, and terms of B.S.’s
probation are all included in the record.[2]  Accordingly, we hold
that the trial court did not abuse its discretion by revoking B.S.’s probation
in the absence of the State’s introducing these documents into evidence.

          B.S.
also argues that the trial court abused its discretion by revoking his
probation and sentencing him to the TYC because the State failed to establish
that he violated a “reasonable” order of the court, considering that the
“hospital psychiatrist discharged [him] before sufficient time had passed to
allow . . . [him] to stabilize on needed medications” and that “the
lack of appropriate education services obviously aggravated the situation.”  See
Tex. Fam. Code Ann. § 54.05(f) (requiring violation of reasonable and
lawful court order).  B.S. relies on In re D.E.P., 512 S.W.2d 789,
792 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ), a case in which the
appellate court held that the trial court had abused its discretion by
concluding that the child had violated a reasonable order of the court because
a change in the child’s circumstances, which was beyond the child’s control,
made the trial court’s order unreasonable.  As later recognized by the same
appellate court, however, “[t]he conditions which caused the violations in the D.E.P.
case were out of the control of the child involved.”  In re Rodriguez,
687 S.W.2d 421, 422–23 (Tex. App.—Houston [14th Dist.] 1985, no writ).  Here, the
trial court could have reasonably concluded that it was not beyond B.S.’s
control to refrain from cursing at staff, yelling at staff, kicking doors,
threatening staff and other patients, and committing an “intolerable
infraction” by assaulting a member of the staff, notwithstanding that he was prescribed
medication for the first time on March 5, 2010, and that he did not attend
special education classes.

          We
hold that the trial court did not abuse its discretion by granting the State’s
motion to modify disposition and committing B.S. to the TYC.  Accordingly, we
overrule B.S.’s sole point and affirm the trial court’s judgment and order.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  July 28, 2011









[1]See Tex. R. App. P. 47.4.





[2]Notwithstanding this, the
trial court observed that B.S. was on probation for a felony offense and that
he was ordered to successfully complete counseling at the Hospital.