Louis Wayne CHREENE, Appellant,

v.

The STATE of Texas, Appellee.

No. 6-84-092-CR.

Court of Appeals of Texas,
Texarkana.

April 23, 1985.

Clifton L. Holmes, Longview, for appellant.

William L. Ferguson, Co. Atty., Darrell Hyatt, Asst. Co. Atty., Henderson, for appellee.

CORNELIUS, Chief Justice.

Chreene appeals the revocation of his probation. The original conviction was for indecency with a child, for which Chreene was sentenced to five years probation on May 29, 1979. Probation was revoked on July 27, 1984. Chreene alleges error in the method used by the State to charge the violation of his probation, and in the sufficiency of the evidence to establish the violation. We affirm.

The State filed its original motion to revoke probation on May 22, 1984, alleging that Chreene had violated his probation by raping a child on or about February 5, 1984. The court set a hearing on the motion for July 23, 1984. On that day the State filed an amended motion, and the hearing was reset for July 25, 1984. The only change in the amended motion was to change the date of the alleged violation from "on or about February 5, 1984," to "on or about February 5, 1982."

■ Since the amended motion was filed after the expiration of the probationary period, which ended May 29, 1984, it was void. *Guillot v. State,* 543 S.W.2d 650 (Tex.Cr.App.1976). The right of the court to revoke was therefore limited to finding the violation of probation alleged in the original revocation motion.

The proof at the revocation hearing showed that Chreene had sexual relations with his stepdaughter, B.H., on several occasions prior to her seventeenth birthday, including February 5, 1982.

■ The burden of proving the date alleged in a motion to revoke is comparable to that for the date in an indictment, except that the requirements for pleadings in a revocation proceeding are less strict than for an indictment. *Fowler v. State,* 509 S.W.2d 871 (Tex.Cr.App.1974); *Flores v. State,* 664 S.W.2d 426 (Tex.App.—Corpus Christi 1983, no pet.); *Martinez v. State,* 635 S.W.2d 762 (Tex.App.—Corpus Christi 1982, no pet.). When an "on or about" date is alleged as the date of the commission of the offense the State is not bound by the date alleged, and proof that the offense was committed any time prior to the return of the charging instrument that is within the period of limitation is sufficient. *Ex parte Hyett,* 610 S.W.2d 787 (Tex.Cr.App.1981).

■ As the proof showed that Chreene had committed the offense within the limitation period, and after the start of his probation, the court was justified in revoking the probation based upon the original motion.

Chreene also urges there was insufficient evidence to support the revocation of his probation.

■ Proof that the child was at the time of the offense fourteen years of age or older, and that prior to the time of the offense she had been promiscuous, was a defense to Tex.Penal Code Ann. § 21.09 (Vernon 1974) (repealed 1983), and is a defense to offenses under Tex.Penal Code Ann. § 22.011(a)(2) (Vernon Supp.1984).

Chreene alleges that the issue of consent was raised by the child's testimony, and that prior promiscuity was shown. B.H. testified she had sexual relations with two males other than Chreene, but she did not testify that the acts occurred before the act which was alleged as a violation of probation. Carol Ammar, a social worker for the Department of Human Resources, testified that B.H. told her Chreene had abused her for three years, or since age fourteen, and that she told her of a "couple" of other sexual acts. Ammar maintained that B.H. was not sexually promiscuous.

■ The standard of proof in a revocation proceeding is a preponderance of the evidence, and the only question on appeal is whether the trial court abused its discretion in revoking the appellant's probation. *Jackson v. State,* 645 S.W.2d 303 (Tex.Cr. App.1983).

■ In order to raise the defense of promiscuity under either statute, there must be evidence that the child engaged in promiscuous conduct prior to the alleged offense. There is no such evidence in this record. Assuming for purposes of argument that evidence of the sexual acts with the other two males could constitute promiscuity within the meaning of the statute, there is no evidence that the acts occurred prior to this offense. Absent such evidence, the court could properly revoke Chreene's probation upon proof that he had repeatedly committed the offense of rape of a child during the period of his probation.

The judgment is affirmed.