**Dennis Eugene CROCKETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00219–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 29, 1992.

---

Wesley Hall, College Station, for appellant.

Bill Turner, Kyle Davis, Brazos County, for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

Appellant entered a plea bargained guilty plea on May 3, 1984, to the offense of furnishing a controlled substance, marijuana, to an inmate of a county jail. The trial court assessed his punishment at six years confinement, probated. After the term of probation had expired, the trial court revoked the probation and sentenced appellant to six years confinement. The first of appellant's three points of error on appeal is dispositive of the appeal. We reverse and order appellant discharged.

In appellant's first point of error, he asserts that the trial court erred in revoking his probation because it based its decision on grounds that had previously been waived by the prosecuting attorney.

On May 4, 1988, four years into appellant's six year period of probation, the State filed its original motion to revoke probation and obtained the issuance of a capias for appellant's arrest. The original motion to revoke alleged that appellant: (1) committed the offense of theft while on probation; (2) failed to report his arrest for theft within 48 hours following his arrest; (3) committed the offense of operating a motor vehicle while his license was suspended; and (4) left Brazos County without the written consent of the court. Because of appellant's absconder status and the sheriff's inability to locate him, appellant was not arrested until October 21, 1990, some 29 months after the capias was issued and five and one-half months after the date when the probation should have expired by its stated terms, May 3, 1990.

On January 15, 1991, three months after appellant's arrest and eight and one-half months after his probation would have expired but for the the pending original motion to revoke, the State filed an amended motion to revoke probation. The amended motion repeated the four alleged violations of conditions set out in the original motion and asserted new, or additional, allegations that appellant: (5) failed to report to his probation officer from June 1988 to May 1990; (6) failed to pay probation supervisory fees from December 1987 to May 1990; and (7) failed to pay court costs.

On January 22, 1991, the trial court called for and received announcements of "ready" by both State and defense for the hearing on the amended motion to revoke probation. The trial court asked the defense if "you wish to have the Amended Motion to Revoke Probation read aloud here in Court, Mr. Hall [appellant's attorney], or do you waive the reading?" Appellant's counsel waived the reading. The trial court then called on appellant "to enter a plea in response to the Amended Motion to Revoke Probation." Appellant pleaded "not true" to the amended motion, and the trial court took judicial notice of its

own earlier judgment and order establishing the conditions of probation. The State then announced that it *waived the allegations of the four violations it had pleaded in the original motion and repeated in the amended motion.*

Appellant then filed two motions to quash the amended motion to revoke. The first motion asserted that the State should not be permitted to allege additional violations of his conditions of probation after his probationary period had ended, even though the violations concerned matters that allegedly occurred during the probationary period. Appellant's second motion to quash asserted a lack of diligence by the State in bringing the revocation to a hearing. The trial court overruled appellant's first motion to quash, and carried the second motion along with the case. The State proceeded to introduce witness testimony in support of the remaining, or new, allegations of the amended motion. After the direct examination of the State's first witness was completed, the trial judge halted the proceedings to again discuss and permit both sides to reargue appellant's first motion to quash.

Following a recess and resumption of the hearing, the State conceded that its amended motion was void, but urged that its earlier request to waive allegations of its original motion to revoke was of no effect, and that it should be entitled to reinstatement of its original motion to revoke. The trial court postponed the proceedings to allow further research on the matter. One month later, on February 22, 1991, the trial court proceeded with the revocation hearing, heard evidence, and revoked appellant's probation based on findings of violations asserted only in the original motion to revoke.

The amended motion to revoke, filed after the expiration of the probationary period, was void. *Guillot v. State,* 543 S.W.2d 650, 653 (Tex.Crim.App.1976). Any right of the court to revoke was therefore limited to the finding of a violation of some condition of probation alleged in the original motion to revoke. *Chreene v. State,* 691 S.W.2d 748, 750 (Tex.App.—Texarkana 1985, pet. ref'd).

The revocation hearing undisputedly began on the void amended motion to revoke. The trial court announced that proceedings were being conducted under the amended motion, and called for and received announcements of ready on the amended motion. The court called for and heard appellant's plea of "not true" to the amended motion. The State then dismissed the allegations of violations in the amended motion that were carried forward from the original motion. After the trial court overruled appellant's first motion to quash the amended motion to revoke, the State proceeded to present evidence on the amended, or new, alleged violations.

The procedural question thus presented is:

> After the court begins a hearing on an amended motion, can the court reinstate the original motion to revoke or consider an amendment?

Because the trial court began to hear evidence of the "new" violations contained in the amended motion, with the "old" violations from the original motion *having been waived,* the State's attempt to reactivate and rely on the original motion to revoke must be considered an amendment, and therefore within the prohibition of TEX. CODE CRIM.PROC.ANN. art. 42.12, § 24(a) (Vernon Supp.1992). Article 42.12, § 24(a) provides that "[i]n a felony case, the state may amend the motion to revoke probation at any time up to seven days before the date of the revocation hearing, except for good cause shown, and in no event may the state amend the motion after the commencement of taking evidence at the hearing." *Washington v. State,* 731 S.W.2d 648, 649 (Tex.App.—Houston [1st Dist.] 1987 no pet.). If the trial court had not begun to hear evidence, the State might properly have relied on the original motion to revoke. *See Chreene,* 691 S.W.2d at 750 (where the amended motion was filed after expiration of the probationary period, the trial court is limited to finding a violation found in the original motion). However, because the State commenced presentation

of its evidence, the "undoing," or setting aside, of the State's waiver of the original motion's allegations must be considered an amendment. Although no request by the State to amend is reflected in the record, the trial court in essence permitted such an amendment by allowing the State at the later hearing on February 22, 1991, to proceed on the original motion to revoke. Article 42.12, § 24(a) disallows such an amendment by providing that "in no event may the state amend the motion after the commencement of taking evidence at the hearing."

Accordingly, the trial court erred in revoking appellant's probation because the revocation was based on the original motion to revoke, which should not have been before the court after the evidentiary stage of the revocation hearing began. Appellant's first point of error is sustained.

The judgment is is reversed, the revocation of probation is set aside, and appellant is discharged in this cause.