NO. 07-99-0228-CR

NO. 07-99-0233-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 14, 2001

______________________________

AUGUSTINE ARMANDO ORTEGA JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE CRIMINAL DISTRICT COURT OF DALLAS COUNTY;

NO. F-9644790-MH AND F-9644791-MH; HONORABLE JANICE L. WARDER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ. 

In these companion cases, appellant Augustine Armando Ortega Jr. challenges the revocation of probation heretofore granted in each case.  In case number 07-99-0228-CR, upon his plea of guilty, he was found guilty of reckless injury to a child and his punishment was assessed at two years confinement in a state jail, probated for a period of five years, and a fine of $500.  In case number 07-99-0233-CR, also upon his plea of guilty, he was found guilty of the offense of aggravated assault and his punishment was assessed at seven years confinement in the Institutional Division of the Texas Department of Criminal Justice, probated, and a fine of $500.  For reasons we later recount, we reverse and remand the causes for further proceedings.

Because the procedural history of this case is important, we will discuss it in some detail.  On January 29, 1999, in the assault case, the State filed a motion to revoke probation.  In that motion, it alleged that subsequent to being granted probation, appellant had assaulted his estranged wife, Singapore Sunset Ortega, and had failed to pay his $500 fine as directed.  In the injury to a child case, the State alleged appellant had violated the conditions of his probation by committing a subsequent assault on Ortega by kicking her, failing to pay his probation and attorney fees, failing to pay his fine, and failing to participate in a G.E.D. program as directed by his probationary conditions. 

The revocation motions were called for hearing on February 19, 1999, and appellant entered a not true plea in each case.  The State abandoned all the allegations in each motion except the one concerning the alleged assault on Ortega.  After hearing one witness, the hearing was recessed in order to locate Ortega.  On March 25, 1999, the hearing reconvened.  At that time, the State filed amended motions to revoke, which contained more specific allegations asserting that appellant threw Ortega to the floor, threw her down some stairs, pulled her hair, and kicked her.  There was no mention of the amended revocation motions at the time the hearing was reconvened.

Ortega was the primary witness at the reconvened hearing. She testified that appellant struck her, threw her down, and pulled her hair, apparently because she decided to continue her employment at Daltex Rental.  In response, appellant testified that Ortega attacked him by striking and kicking him.  He averred that he did not strike Singapore, but only tried to restrain her in a “bear hug” and, in self defense, pushed her away.  As is evident by this appeal, at the conclusion of the hearing, the trial court revoked the probation.  As a basis for the revocation, the trial court found the allegations contained in the State’s March 25 amended motions to be true.  In the aggravated assault case, appellant was ordered to serve seven years in the Institutional Division of the State Department of Criminal Justice and, in the injury to a child case, a state jail felony, he was ordered to serve two years confinement in a state jail facility.

In challenging the trial court’s decisions and in three points of error, appellant contends:  1) the evidence is insufficient in each case to sustain the revocation of probation; 2) in its judgment, the trial court incorrectly states the revocations were based upon the State’s amended motions to revoke; and 3) if the revocations were based upon the March 25 amended motions to revoke, those motions were not properly before the court and could not support the revocation judgments.

Because they are so interrelated, we will discuss the three points together. Reiterated, in his first point, appellant contends the judgments incorrectly recite they were based upon the State’s amended motions to revoke rather than the original motions.  The thrust of appellant’s argument is that at the February 19 commencement of the revocation hearing, the State abandoned all of its allegations except that appellant did “knowingly and intentionally and recklessly cause bodily injury to another, namely Singapore Sunset Ortega, hereafter called complainant, by kicking her.” The only testimony at that hearing was from a fingerprint expert.  At the time of the second hearing, Ortega testified that she was not sure if she was kicked or not.  Because neither the parties nor the trial court ever referred to the amended motions, appellant continues, “it is clear that defense counsel was unaware of the allegations of any such motion at the time of the hearing.”  Thus, he concludes, because the amended motion allegations were not properly before the court, the supporting evidence must be measured by the assault allegation in the original motion.  Because Ortega could not testify that appellant kicked her, and he emphatically denied that he harmed her by kicking her, appellant reasons the evidence was insufficient to support revocation in that regard and the trial court abused its discretion by doing so.

In his second point, appellant argues that the judgments were incorrect in reciting that they were based upon the allegation in the amended motions because the attempt to amend the original motion was ineffective.  In advancing this argument, appellant cites and relies upon article 42.12 of the Code of Criminal Procedure.  In relevant part, that article provides, “in no event may the State amend the motion [to revoke] after the commencement of taking evidence at the hearing.”  Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon 2001).  Because the amended motions were untimely filed, appellant reasons, the revocation would have to be based upon the allegations in the original motion.

In considering this contention, the court’s decision in 
Crockett v. State
, 840 S.W.2d 160 (Tex.App.--Houston [1
st
 Dist.] 1992, no pet.) is helpful.  In that case, the State had filed a motion to revoke Crockett’s probation prior to the expiration of the probationary period. However, the probationer was not arrested until some five and one-half months after the expiration of the probation period.  The State then filed an amended revocation motion, which included both the allegations in the original motion and some additional alleged grounds.  When the case was called for hearing, the appellant moved to quash the amended motion on, 
inter alia
, the basis that the attempt to allege additional revocation grounds after the probationary period had expired was impermissible.  
Id
. at 162.  The State acknowledged that the amended motion was void, but attempted to “reinstate” its original motion and proceed on those allegations and the trial court permitted it to do so.  
Id.  
However, the appellate court opined that, because the State had commenced presentation of its evidence under the amended motion, by allowing the State to proceed on its original motion, the trial court “in essence” had allowed the State an amendment after the hearing had commenced which was not permitted under the statute.  
Id. 
at 163. The teaching of that case, then, is that upon the filing here of the State’s amended motion, the original motion was negated and of no effect.

That being so, we must next consider appellant’s third point in which he argues that the trial court’s judgments could not have been based upon the amended motions because they were not properly before the trial court, and if the court relied upon the allegations in the amended motions, it erred because the attempt to amend the motions after the hearing had commenced was in violation of the specific provision of article 42.12 § 21.  The record in this case indicates a significant question as to appellant’s knowledge of the amended motions.  Although appellant was represented by an attorney, the amended motions do not recite that copies were provided to the attorney defense counsel.  Also, while the amended motion contains a statement by a probation officer that it was delivered to the defendant on March 25, 1999, it does not show the time or manner of delivery.  The amended motion did contain signature blocks in which the probationer could acknowledge receipt of a copy, but that area contains the notation that appellant “refused to sign.”  The record does not show any discussion at the continued hearing of appellant’s refusal to acknowledge receipt of a copy of the amended motions, nor was there any discussion as to whether or not  copies of the motions were served on appellant’s attorney of record.  The record shows that appellant’s attorney at the time of the first hearing was different from his attorney at the time of the continued hearing.  Indeed, there was no mention at all of the amended motions at the extended hearing.  Additionally, the clerk’s file mark on the amended motions does not show the time of filing.  Consequently, there is no showing that the amended motions were served prior to the proceedings on March 25, 1999.

Citing 
Purtell v. State
, 761 S.W.2d 360 (Tex.Crim.App. 1988), and other cases of like ilk,  the State contends that appellant’s failure to object at trial waives any trial court error in permitting the amendments.  However, those cases merely state the general rule that the purpose of the contemporaneous objection rule is to inform the trial court of the claimed error and to give it or the opposing party an opportunity to correct the error.  
Id
. at 365.  However, in this case, and under the clear language of the rule, there is nothing the trial court or the State could have done to correct the error other than to dismiss the motion.  As we noted above, once the amended motions were filed, the trial court could not disregard the amended motions and proceed on the original ones.  
Crockett
, 840 S.W.2d at 163.

Moreover, waiver is the intentional relinquishment or abandonment of a known right or privilege.  
Janecke v. State
, 739 S.W.2d 813, 829 (Tex.Crim.App. 1987).  Without a showing in the record that the amended motion was filed prior to the March 25, 1999 hearing and that appellant’s attorney was aware of the amended motions, we cannot find waiver.

The State next argues that even if consideration of the amended motions was error, that error was harmless.  In doing so, it argues the standard of review is that set out in Texas Rule of Appellate Procedure 44.2(b), which governs non-constitutional errors.  Under that standard, errors that do not affect “substantial rights” of a defendant do not require reversal.  A “substantial right” is affected when the error had a substantial and injurious effect or influence in determining a proceeding’s outcome.  
See King v. State, 
953 S.W.2d 266, 271 (Tex.Crim.App. 1997). Appellant does not argue that the error is of constitutional dimension.

In contending that reversal is not required, the State cites cases in which the courts have held errors resulting from untimely amendments to revocation motions are harmless.  However, those cases are distinguishable.  For example, 
Washington v. State
, 731 S.W.2d 648 (Tex.App.--Houston [1
st
 Dist.] 1987, no pet.), concerned a revocation motion which alleged the commission of forgery and a failure to pay probation fees.  Although the motion recited that the alleged forged instrument was attached to the motion, it was not.  The trial court allowed an amendment to attach to the instrument.  However, because no evidence concerning the forgery was produced at the hearing and the probation was revoked on the basis of the failure to pay fees, the appellate court held the amendment was irrelevant and the error in allowing the amendment harmless.
  
In asserting the 
Washington
 rationale was applicable here, the State notes the court’s passing comment that the State could have dismissed the revocation motions.  731 S.W.2d at 649.  We do not agree that fact supports the proposition that the error was harmless.  If the State dismissed the motion and filed another, the probationer would have had an opportunity to review the instrument and prepare to meet the new allegations.  That is why the statute prohibits last minute amendments.

In 
O’Hara v. State
, 626 S.W.2d 32 (Tex.Crim.App. 1981), the court found that allowing an amendment to correct a misspelled word was harmless error.  The high court commented that the misspelling was not sufficient to deprive the appellant of fair notice so he could prepare his defenses.  
Id. 
at 35.  In 
Martinez v. State
, 635 S.W.2d 762 (Tex.App.--Corpus Christi 1982, no pet.), the court considered the allowance of an untimely amendment which allowed the changing of the word “handgun” to “shotgun.”  
Id. 
at 764.  The record in that case clearly showed that the defense counsel at the revocation hearing was the same one that represented the defendant at the underlying trial and was aware that the weapon involved was a shotgun.  Thus, the amendment did not affect appellant’s fair notice rights.  
Id
. at 766.

The facts in the instant case differ significantly from those in the case relied upon by the State.  Unlike 
O’Hara
, the amended motion here added new and different factual allegations from those in the original motion.  Also, unlike 
Washington
, here the effect of the amendment was to abandon the original allegations and attempt to permit the proof of different allegations.  
Martinez
 is distinguishable because there is nothing in this record to show that appellant’s counsel was aware of the facts giving rise to the substantially different allegations in the amended revocation motions.  Under this record, the only allegations of which appellant was aware before the hearing were those contained in the original motion to revoke.  Evidence of the additional act alleged in the amended motion was equivocal at best, and arguably insufficient to support revocation.  Viewed as a whole, we cannot say  the trial court error did not have a substantial and injurious effect on the outcome of the proceeding.  Thus, we must, and do, sustain appellant’s third point.  That sustention mandates reversal of both cases and obviates any necessity for additional discussion of appellant’s first and second points.

Accordingly, the judgments in both of these cases are reversed and the causes remanded to the trial court for further proceedings in accordance with this opinion.  
See
 
Johnson v. State
, 
 633 S.W.2d 687, 689 (Tex.App.--Amarillo 1982, pet. ref’d).
 

John T. Boyd

 Chief Justice

Do not publish.