IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-63,441-01,


WR-63,441-02, and WR-63,441-03





EX PARTE WALLACE CLARK DOBYNS, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

CAUSE NUMBERS 99-01-0002M-CR-A, 04-05-0059M-CR-A,

AND 04-08-0106M-CR-A IN THE 97TH DISTRICT

COURT MONTAGUE COUNTY 



 

 


 Per curiam.


 

O R D E R


 These are applications for writs of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to aggravated assault. The trial court deferred a finding of guilt
and placed Applicant on community supervision for three years. Applicant states that during
the period of supervision, the State filed a motion to adjudicate. The record indicates that
Applicant's community supervision was not revoked but modified and extended for one year.

 Later, Applicant was charged in two separate indictments with manufacturing
methamphetamine. Consequently, Applicant states, the State filed another motion to
adjudicate in the aggravated assault case. Then, after Applicant's community supervision
would have expired, the State filed an amended motion to adjudicate. It is unclear when the
trial court issued a warrant or capias.

 An adjudication hearing was later held in conjunction with Applicant's guilty pleas
in the two manufacturing methamphetamine cases. At the hearing the State requested to
proceed on the original motion rather than the amended motion. After two discussions off
the record, the State requested to proceed on the amended motion, dismissing its first count,
and Applicant pled true to the remaining allegations. Applicant was adjudicated guilty of the
aggravated assault. He was sentenced in accordance with a plea agreement to concurrent
terms of eighteen years on the aggravated assault charge and the two manufacturing
methamphetamine charges.

 In these applications for a writs of habeas corpus, Applicant argues that his pleas were
not voluntarily entered due to counsel providing ineffective assistance. He claims that
counsel erroneously allowed him to plea true to the amended motion to adjudicate that was
not timely filed and that the motion to adjudicate did not contain new allegations for which
his community supervision could be revoked. See Crockett v. State, 840 S.W.2d 160, 162
(Tex. Crim. App. 1992) (finding an amended motion to revoke, filed after the expiration of
the probationary period, to be void), citing Guillot v. State, 543 S.W. 2d 650, 653 (Tex. Crim.
App. 1976) ("the right of the court to revoke is limited to those violations of probation
alleged in the revocation motion filed prior to the expiration of the probationary period");
Wright v. State, 640 S.W.2d 265 (Tex. Crim. App. 1982) (stating that when a probationer is
returned to probation, probation may not be revoked without any determination of a new
violation). 

 He further asserts that he had numerous affirmative defenses that could have been
raised to counter the motion's allegations but that he was not informed of them. See Stanfield
v. State, 718 S.W.2d 734 (Tex. Crim. App. 1986) (stating that inability to make probation
payments is an affirmative defense for a probationer to raise and to prove by a preponderance
of evidence); Bawcom v. State, 78 S.W.3d 360 (Tex. Crim. App. 2002) (stating that the
timing of the State's efforts to locate the probationer, including whether those efforts
occurred before or after the filing of a motion to revoke and the issuance of a capias, are 
factors that reflect on the diligence of the State's efforts); cf. Tex. Code Crim. Proc. art.
42.12 § 24 (effective June 18, 2003, due diligence defense only applicable to allegation of
failure to report). He states that had he been properly informed of these facts, he would not
have taken the plea agreement for concurrent terms of eighteen years on the three cases. 

 The State has not responded to Applicant's claims and the trial court has not entered
findings of fact and conclusions of law. It is this Court's opinion that more information is
needed before this Court can render a decision on these grounds for review. Thus, further
information must be submitted, including an affidavit from trial counsel addressing
Applicant's claims, copies of all the motions to adjudicate filed in the aggravated assault
case, as well as any other documents the trial court believes will be helpful in resolving
Applicant's claims, and information regarding when the trial court issued a warrant or capias
for the motion to adjudicate that resulted in Applicant being adjudicated guilty.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure. The trial court shall order an affidavit from trial counsel and may order
depositions, interrogatories, or hold a hearing. In the appropriate case, the trial court may
rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied effective assistance of counsel and whether his pleas were voluntarily
entered. The trial court shall also make any further findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's application for habeas
corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: December 14, 2005

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.