IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,466





 

EX PARTE WALLACE CLARK DOBYNS, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 99-01-0002M-CR IN THE 97TH JUDICIAL

DISTRICT COURT MONTAGUE COUNTY 



 

 


 Per curiam. Keller, P.J., filed a dissenting opinion in which HERVEY and
COCHRAN, JJ. joined.


 


O P I N I O N



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to aggravated assault. The trial court deferred a finding of guilt
and placed Applicant on community supervision for three years. During the period of
supervision, the State filed a motion to adjudicate. Applicant's community supervision was
not revoked but modified and extended for one year.

 Later, Applicant was charged in two separate indictments with manufacturing
methamphetamine. The State filed another motion to adjudicate in the aggravated assault
case. Then, after Applicant's community supervision was to have expired, the State filed an
amended motion to adjudicate.

 On September 27, 2004, Applicant entered negotiated guilty pleas on the two drug
charges and was sentenced to eighteen years in prison. The Court then proceeded on the
amended motion to adjudicate guilt. At that hearing, the State requested to waive proceeding
on the amended motion and to proceed on the original motion. After two discussions off the
record, the State requested to proceed on the amended motion to which Applicant pled true. 
The court adjudicated Applicant guilty and assessed punishment at eighteen years'
confinement to run concurrently with the two other eighteen-year sentences. There was no
direct appeal.

 Applicant later challenged the aggravated assault conviction in a writ application
contending that counsel provided ineffective assistance. He claimed that counsel erroneously
allowed him to plea true to the amended motion to adjudicate that was void. He also stated
that had he been properly represented, he would not have pled true.

 In considering Applicant's claim, the trial court elected to appoint habeas counsel and
to conduct an evidentiary hearing. After the hearing, the trial court made findings of fact and
conclusions of law. The court found that Applicant received erroneous legal advice
concerning the motion to adjudicate guilt and that Applicant's plea of true was not knowing
and voluntary. As the trial court found, ". . . the state's amended motion to proceed with
adjudication of guilt in Cause No. 99-01-0002M-CR was a nullity and void because it was
filed after the community supervision period, including the extended community supervision
period, had already expired and no capias or warrant was ever issued thereupon." It has
recommended that relief be granted. We agree. 

 The trial court's recommendation is supported by the record and applicable law. See
Crockett v. State, 840 S.W.2d 160, 162 (Tex. App.--Houston [1st Dist.] 1992, no pet.)
(finding an amended motion to revoke, filed after the expiration of the probationary period,
to be void), citing Guillot v. State, 543 S.W. 2d 650, 653 (Tex. Crim. App. 1976) (stating that
"an amended motion to revoke filed after the expiration of the probationary period [does] not
confer jurisdiction on the court and was a nullity"); Wright v. State, 640 S.W.2d 265 (Tex.
Crim. App. 1982) (stating that when a probationer is returned to probation, probation may
not be revoked without any determination of a new violation); Chreene v. State, 691 S.W.2d
748, 750 (Tex. App.--Texarkana 1985, pet. ref'd) (the right of the trial court to revoke was
limited to finding a violation alleged in the original revocation motion and could not be based
on an amended revocation motion filed after the end of the probation period).

 Thus, we hold that the conviction and sentence for aggravated assault in cause number
99-01-0002M-CR from the 97th Judicial District Court of Montague County, Texas, is
vacated; there is no final felony conviction in the cause. A copy of this opinion shall be
forwarded to the Department of Criminal Justice, Institutional Division.

Keller, P.J., Dissents. Cocharan, J., Joins.

DELIVERED: June 28, 2006



DO NOT PUBLISH