

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00888-CR

Taurean Randolph **MOSES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR10235
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  March 6, 2013

AFFIRMED

In a single point of error, Taurean Moses alleges that the trial court erred in revoking his community supervision. Specifically, Moses complains that the condition he was found to have violated was not properly before the court because it was presented in the State's supplemental motion for revocation, but the State did not first obtain permission to supplement its motion. We affirm the trial court's judgment.

## BACKGROUND

In 2009, Moses pled guilty to the offense of possession with intent to deliver a controlled substance and was sentenced to ten years of community supervision. On April 1, 2011, the State filed a motion to revoke community supervision, alleging numerous violations of the conditions of Moses's community supervision. On April 14, 2011, the State filed its supplemental motion to revoke community supervision, which included an allegation that Moses committed the offense of driving while intoxicated in violation of the terms of his community supervision.

On August 22, 2011, the trial court held a hearing on the State's motion to revoke community supervision. The court first asked Moses how he pled to the allegation of driving while intoxicated in violation of the first condition of his community supervision, and Moses pled true. The State then waived the remainder of the alleged violations. Based on Moses's plea of true, the trial court found that Moses violated a condition of his community supervision and took the recommended punishment under advisement until the following morning.

Moses, however, did not appear the following day so a capias was issued for his arrest. A few weeks later, Moses was arrested for assault with a deadly weapon. A few months later, a hearing was held on the motion to revoke based on Moses's violation of the first condition of his community supervision, as previously determined by the trial court. At the conclusion of the hearing, the trial court revoked Moses's community supervision and sentenced him to ten years confinement in the Texas Department of Criminal Justice.

## SUPPLEMENTAL MOTION FOR REVOCATION

Moses's sole point of error alleges that the supplemental motion for revocation of community supervision was not properly before the court because there is no evidence that a motion to supplement was presented to and granted by the trial court. Thus, Moses asserts, revocation based on any such violation was error. We review a trial court's order revoking

probation for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc).

The State argues Moses has waived his argument regarding the propriety of the supplemental motion to revoke because Moses did not object. Generally, the complaining party is required to timely object in the trial court in order to preserve error for appellate review. TEX. R. APP. P. 33.1. This rule applies with equal force to Moses's complaint. *See Rogers v. State*, 640 S.W.2d 248, 263–64 (Tex. Crim. App. [Panel Op.] 1981) (holding that the appellant could not complain about the procedures used to revoke his probation when he failed to make an objection in the trial court); *Lewis v. State*, 195 S.W.3d 205, 208 (Tex. App.—San Antonio 2006, no pet.) (concluding that a complaint regarding an improper amendment must be objected to in order to preserve error). As such, we conclude that Moses has not properly preserved his claim for our review.

Even assuming Moses's contention had been preserved for our review, Moses's claim would still fail. Moses cites *Crockett v. State*, 840 S.W.2d 160 (Tex. App.—Houston [1st Dist.] 1992, no writ), in support of his contention. Although *Crockett* addresses an amended motion for revocation of probation (now referred to as community supervision), it does not support Moses's argument. Instead, *Crockett* stands for the proposition that the State may not amend a motion to revoke community supervision after evidence has been taken at a hearing on the matter. *Id.* at 162–63; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 21(b–2) (West Supp. 2012). The court, however, expressly recognized that the State could have amended its motion to revoke if the trial court had not started hearing evidence. *Crockett*, 840 S.W.2d at 162–63. This is because Article 42.12 of the Texas Code of Criminal Procedure only prohibits amendment of a motion to revoke in a felony case after evidence is heard. TEX. CODE CRIM.

PROC. ANN. art. 42.12 § 21(b–2). Moses does not identify, and we cannot find, any authority requiring a trial court to expressly rule on a timely supplemental motion before it can be considered.

## CONCLUSION

Because the State is not prohibited from supplementing a motion to revoke community supervision prior to the hearing on the motion, we hold that the trial court did not abuse its discretion in considering the allegations contained in the State's supplemental motion to revoke. Accordingly, we overrule Moses's sole point of error and affirm the judgment of the trial court.

Patricia O. Alvarez, Justice

DO NOT PUBLISH