**Affirmed and Memorandum Opinion filed May 25, 2021.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-19-00887-CR

**JAMES KARL DUNIVAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 11-CR-3449**

## M E M O R A N D U M   O P I N I O N

After finding that appellant James Karl Dunivan violated the terms of his deferred adjudication community supervision, the trial court adjudicated him guilty of a third-degree felony offense and assessed his punishment at ten years' confinement. In two issues, appellant contends the trial court lacked jurisdiction to adjudicate him guilty because: (1) the State's amended motion to adjudicate guilt was not filed within appellant's community supervision term; and (2) the capias for

appellant's arrest on the State's amended motion to adjudicate guilt did not issue within appellant's community supervision term.

For the reasons explained, we overrule appellant's contentions and affirm the trial court's judgment.

## Background

In June 2012, appellant pleaded guilty to one count of possession of child pornography, a third-degree felony. Pursuant to a plea bargain, the trial court placed him on deferred adjudication community supervision for a period of five years, from June 12, 2012 to June 12, 2017.

In February 2015, the State filed a motion to revoke appellant's community supervision, adjudicate his guilt, and impose a sentence (the "First Motion"). The State alleged that appellant violated four terms or conditions of his community supervision. In March 2015, the Galveston County district clerk issued a capias for appellant's arrest. The record does not reveal any activity between issuance of the capias and the expiration of appellant's community supervision term.

In March 2019, almost two years after appellant's community supervision term expired, a deputy in the Galveston County Sheriff's Office executed the March 2015 capias by arresting appellant, who was then incarcerated in Walker County for another offense.

The State filed an amended motion to revoke community supervision and adjudicate guilt in August 2019 (the "Amended Motion"). In the Amended Motion, the State alleged that appellant violated the same four conditions of community supervision as it had alleged in the First Motion. The Amended Motion, however, differed from the First Motion in describing how appellant allegedly violated one of the conditions, namely that appellant "[c]ommit no

2

offense against the laws of the State of Texas or of any other State, the United States or any governmental entity." In the First Motion, the State alleged that appellant violated that condition by committing the offenses of aggravated sexual assault of a child and indecency with a child on January 11, 2015. In the Amended Motion, the State alleged that appellant violated the same condition by committing the offense of continuous sexual abuse of a young child on January 11, 2015.

The First Motion and the Amended Motion were identical as to the other conditions appellant allegedly violated. Specifically, the State alleged in both motions that appellant: (1) failed to report to his adult Community Supervision Officer in January 2015; (2) failed to report within forty-eight hours to his Community Supervision Officer any change of address, employment or marital status; and failed to notify his Community Supervision Officer of any arrests and all sources and amounts of income or money received; and (3) failed to pay his community supervision fee for multiple months.

In November 2019, the trial court held a revocation hearing. Appellant pleaded "true" to the State's allegation that he failed to pay his community supervision fee. But he pleaded "not true" to all other alleged violations. After hearing evidence, the trial court found the State's allegations in its "motion to adjudicate" "true," found appellant guilty of the offense of possession of child pornography, revoked appellant's community supervision, and sentenced appellant to ten years' imprisonment.

Appellant appeals.

## Analysis

In two issues, appellant complains that the trial court lacked jurisdiction to adjudicate appellant's guilt because: (1) a capias was not issued on the State's

Amended Motion before appellant's five-year community supervision period ended in June 2017; and (2) the State's Amended Motion was not filed during the community supervision period.  We address appellant's issues in reverse order.

**A.     The trial court had jurisdiction to adjudicate appellant's guilt because the State filed the First Motion during the community supervision term.**

A community supervision revocation proceeding is an administrative hearing rather than a civil or criminal trial.  *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  It is considered an extension of the original sentencing portion of the defendant's trial, and therefore it is subject to the continuing jurisdiction of the trial court.  *Id.* at 874.  A trial court retains jurisdiction to hold a revocation hearing and proceed with an adjudication of guilt, regardless whether the community supervision term has expired, if before the expiration of the supervision period:  (1) the State files a motion to proceed with adjudication; and (2) a capias is issued for the arrest of the defendant.  Tex. Code Crim. Proc. art. 42A.108(c); *see also Ex parte Moss*, 446 S.W.3d 786, 792 (Tex. Crim. App. 2014).  In his second issue, appellant argues that the trial court lacked jurisdiction because the court proceeded on the State's Amended Motion, which was filed after the supervision period ended and thus in violation of article 42A.108(c).  We disagree.

The State may amend a timely motion to adjudicate in felony cases, and the only statutory limitation on that right is that the State must do so no later than the seventh day before the hearing.  Texas Code of Criminal Procedure article 42A.751(f) provides:

> In a felony case, the state may amend the motion to revoke community supervision at any time before the seventh day before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown.  The state may not amend the motion after the commencement of taking evidence at the revocation hearing.

Tex. Code Crim. Proc. art. 42A.751(f).

Courts have held that an amended motion to adjudicate filed after the expiration of the community supervision term is a nullity and cannot confer jurisdiction to adjudicate guilt. *See Guillot v. State*, 543 S.W.2d 650, 653 (Tex. Crim. App. 1976), *superseded by statute as recognized in Ex parte Moss*, 446 S.W.3d at 791; *Chreene v. State*, 691 S.W.2d 748, 750 (Tex. App.—Texarkana 1985, pet. ref'd). As the court stated in *Guillot*, a trial court can rely only upon a motion to adjudicate filed within the term of supervision. *See Guillot*, 543 S.W.2d at 653; *Chreene*, 691 S.W.2d at 750 ("Since the amended motion was filed after the expiration of the probationary period, which ended May 29, 1984, it was void. The right of the court to revoke was therefore limited to finding the violation of probation alleged in the original revocation motion.") (internal citation omitted).

As this court has explained, because the State may amend a timely filed motion to adjudicate guilt in a felony case up to seven days before the date of the revocation hearing, filing an amended motion to adjudicate after the probationary period expires does not altogether deprive the court of jurisdiction to adjudicate guilt. *See Dunn v. State*, No. 14-94-00529-CR, 1996 WL 337115, at *1 (Tex. App.—Houston [14th Dist.] June 20, 1996, no pet.) (not designated for publication) (citing Tex. Code Crim. Proc. art. 42.12, § 24(a), which has been re-codified in chapter 42A, and *Parker v. State*, 832 S.W.2d 188, 189 (Tex. App.—Waco 1992, no pet.)). In those circumstances, however, the amended motion is void "to the extent that it added new allegations to the original motion," and the right of the trial court to revoke is limited to finding a violation alleged in the original motion to adjudicate, when the original motion is filed within the supervision term. *See id.*; *Crockett v. State*, 840 S.W.2d 160, 162-63 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (when amended motion to revoke was void

because filed after expiration of supervision term, "[a]ny right of the court to revoke was therefore limited to the finding of a violation of some condition of probation alleged in the original motion to revoke").

Here, the State timely filed the First Motion and alleged that appellant violated the terms and conditions of his supervision by:

> 1a. . . .commit[ting] the offense of Aggravated Sexual Assault Child; and
>
> 1b. . . . commit[ting] the offense of Indecency with Child; and
>
> 4. . . . fail[ing] to report to his adult Community Supervision Officer as ordered for the month of January 2015; and
>
> 9. . . . fail[ing] to report within forty-eight hours to his Community Supervision Officer of any change of address, employment or marital status; and . . . fail[ing] to notify his Community Supervision Officer of any arrests and all sources and amounts of income or money received; and
>
> 12. . . . fail[ing] to pay his Community Supervision fee as ordered and is currently $ 240.00 in arrears.

After appellant's five-year community supervision term expired in 2017, the State filed the Amended Motion. The Amended Motion was identical to the First Motion in nearly all respects, except that the Amended Motion replaced allegations "1a" and "1b" with a single allegation, numbered "1," that appellant "commit[ted] the offense of Continuous Sexual Abuse of a Young Child or Children." The Amended Motion again alleged that appellant had violated terms 4, 9, and 12.

At the revocation hearing, the judge stated that "we're here on the state's first amended motion to adjudicate guilt and revoke community supervision." The prosecutor read several allegations from the "first amended motion," including allegations that appellant had violated terms 1, 4, 9, and 12 of his supervision.

6

Appellant pleaded "not true" to allegations 1, 4, and 9 and pleaded "true" to allegation 12.

At the end of the revocation hearing, the judge found "true" all four allegations at issue "in the state's motion to adjudicate guilt," without specifying whether the judge was referring to the First Motion or the Amended Motion. In the judgment adjudicating guilt, the court stated that "[w]hile on deferred adjudication community supervision, Defendant violated [four] conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt," but the judgment then continued, "Accordingly, the Court GRANTS the State's Motion to Adjudicate."

The First Motion, coupled with the timely issued capias, invoked the trial court's jurisdiction to adjudicate guilt. Tex. Code Crim. Proc. art. 42A.108(c). The First Motion remained pending when the court held the revocation hearing. There is no suggestion in the record that the State abandoned, waived, or withdrew its reliance upon its timely filed First Motion. *Cf. Crockett*, 840 S.W.2d at 162-63 (because State affirmatively waived reliance upon allegations pleaded in original motion, it could not then rely upon original motion at revocation hearing). Further, although both the court and the prosecutor referred at times to the Amended Motion, the court heard evidence pertaining to both motions, as they contained identical allegations, barring one exception. The court referenced both motions during the hearing and afterward, by orally granting "the state's motion to adjudicate" at the conclusion of the hearing and granting in the final judgment "the State's Motion to Adjudicate." Accordingly, although the Amended Motion was a nullity, the trial court was authorized to proceed and rule upon any ground, if supported by evidence, alleged in the First Motion even if it had no authority to revoke appellant's supervision based on any ground found only in the Amended

7

Motion.  *Guillot*, 543 S.W.2d at 653; *Dunn*, 1996 WL 337115, at *1; *Crockett*, 840 S.W.2d at 162.

The only variance between the two motions was the consolidation of allegations 1a and 1b from the First Motion, into allegation 1 in the Amended Motion.  The other three alleged violations remained the same, and the trial court heard evidence as to allegations 4, 9, and 12.  Appellant does not contest the sufficiency of the evidence to support revocation under allegations 4, 9, and 12 contained within the First Motion.  Appellant pleaded true to allegation 12, which the State included in both motions.

Thus, there were at least three grounds (allegations 4, 9, and 12) presented in the First Motion upon which the trial had jurisdiction to adjudicate appellant's guilt, and the record reflects that the trial court found these allegations true.[1]  A single violation of the conditions of community supervision will authorize the trial court to adjudicate guilt and impose a sentence.  *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980).  Appellant's plea of true to allegation 12 is alone sufficient to support the trial court's ruling.  *See Reynolds v. State*, No. 02-02-00088-CR, 2003 WL 21197442, at *2 (Tex. App.—Fort Worth May 22, 2003, no pet.) (mem. op., not designated for publication).

We overrule appellant's second issue.

**B.      The capias issued timely.**

Appellant argues additionally that the trial court lacked jurisdiction because the capias relating to the Amended Motion was untimely.  *See* Tex. Code Crim. Proc. art. 42A.108(c).  According to appellant, a second capias was issued in

---

[1] We need not decide whether the difference between allegations 1a and 1b in the First Motion and allegation 1 in the Amended Motion constitutes a "new" ground asserted only in the Amended Motion.

response to the State's Amended Motion in 2019, which would have occurred after the expiration of appellant's community supervision term and thus would violate article 42A.108(c)(2).

The record does not reflect a second capias. Only one capias issued, on March 2, 2015. On the same day that the State filed its Amended Motion in 2019, the Galveston County district clerk issued a "Precept to Serve" pursuant to "CCP 25.01," directing a law enforcement officer to deliver a copy of the State's motion to appellant.[2] Appellant cites the precept as evidence of a second capias, but it is not a capias. Nowhere in the document does it direct law enforcement to arrest appellant. *See id.* art. 23.01 (defining "capias" as a writ directed "To any peace officer of the State of Texas", commanding the officer to arrest a person accused of an offense and bring the arrested person before that court immediately or on a day or at a term stated in the writ).

Regardless, even if we were to construe the precept as a capias,[3] appellant's argument would not entitle him to relief. Given the timely issued 2015 capias, a second capias is unnecessary and would be of no consequence. *E.g.*, *Barretta v. State*, No. 06-19-00141-CR, 2019 WL 6335428, at *1 (Tex. App.—Texarkana Nov. 27, 2019, pet. ref'd) (mem. op., not designated for publication) ("Nothing requires the issuance of a new capias after an amended revocation motion."); *Afinowicz v. State*, 689 S.W.2d 252, 254 (Tex. App.—Waco 1985, no pet.) (clerk

---

[2] *See* Tex. Code Crim. Proc. art. 25.01 ("In every case of felony, when the accused is in custody, or as soon as he may be arrested, the clerk of the court where an indictment has been presented shall immediately make a certified copy of the same, and deliver such copy to the sheriff, together with a writ directed to such sheriff, commanding him forthwith to deliver such certified copy to the accused.").

[3] *See Romero v. State*, No. 13-12-00542-CR, 2013 WL 6729952, at *3 (Tex. App.—Corpus Christi Dec. 19, 2013, pet. dism'd) (mem. op., not designated for publication) (noting that, because appellant was already incarcerated, no capias was issued but appellant instead was served with a precept notifying him of the State's allegations).

was not required to issue a second capias after "the State filed the original motion to revoke and issued the first capias"). Because the 2015 capias for appellant's arrest was issued and the State's First Motion was filed before the expiration of appellant's community supervision term, the trial court had jurisdiction to adjudicate appellant's guilt under article 42A.108(c). *See* Tex. Code Crim. Proc. art. 42A.108(c).

We overrule appellant's first issue.

### Conclusion

We affirm the trial court's judgment.


/s/    Kevin Jewell
           Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).