**Opinion filed September 8, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00002-CR

_____

**MATTHEW JACOB GUZMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR40647**

## M E M O R A N D U M   O P I N I O N

In this appeal, Matthew Jacob Guzman, Appellant, argues that the trial court lacked jurisdiction to revoke his community supervision. The State filed a motion to revoke before the expiration of Appellant's term of community supervision, but it later filed an amended motion to revoke long after that date had passed. In his sole issue, Appellant argues that the State's untimely amended motion to revoke replaced

its timely original motion, divesting the trial court of all jurisdiction to revoke his community supervision. In its brief, the State recommends that we modify the trial court's judgment because the trial court erroneously assessed attorney's fees against Appellant—whose indigence was never contradicted. We modify and affirm.

*Background*

Appellant was indicted on October 31, 2012, for assault on a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2021). Appellant pleaded guilty and the trial court, pursuant to a plea agreement, deferred the adjudication of Appellant's guilt and placed him on community supervision for a term of four years. Appellant subsequently violated certain terms of his deferred adjudication community supervision (DACS) and the trial court elected to extend his probationary period by an additional year, rather than adjudicate Appellant's guilt and revoke his DACS. Three years later, Appellant violated certain terms of his DACS again. This time, the trial court adjudicated Appellant guilty of the original offense of assault on a public servant and assessed punishment at confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID). However, the trial court suspended imposition of the sentence and placed Appellant on regular community supervision (RCS) for a term of four years— from May 5, 2016 to May 5, 2020.

On March 3, 2020, the State filed a motion to revoke Appellant's RCS (original motion), alleging that Appellant violated the terms of his RCS by committing a new assault offense, leaving Midland County twice without permission, and failing to timely report a change in his place of employment. Appellant filed an affidavit of indigence, and the trial court appointed an attorney to represent him throughout the revocation proceedings. Then, on October 1, 2020, the State filed an amended motion to revoke (amended motion), largely reiterating the

2

same four allegations from the first motion and adding one additional allegation. Aside from the new allegation, the only difference between the two motions is that they identified different destinations when Appellant was alleged to have left Midland County without permission.

A revocation hearing was held on November 19, 2020. The trial court announced, at the beginning of the hearing, that it was proceeding "on the [f]irst [a]mended [m]otion to [r]evoke." The trial court read each of the five allegations from the amended motion, and to each allegation Appellant answered, "not true." The State then proceeded to question Appellant's probation officer. Shortly after the State had elicited a few answers, Appellant objected and moved to dismiss all revocation proceedings. Appellant argued that the State's amended motion was not timely filed; that it superseded the original motion; and that, once evidence had been heard on the State's amended motion, the State could no longer revive the original motion. The State had proceeded to trial on a motion to revoke that was filed *after* the period of community supervision had expired, and that late filing, Appellant argued, required dismissal of the case under *Crockett v. State*, 840 S.W.2d 160, 161–62 (Tex. App.—Houston [1st Dist] 1992, no pet.). The trial court adjourned the proceeding and ordered that the parties prepare letter briefs on the issue.

On December 4, 2020, after reviewing the briefs of both parties, the trial court denied Appellant's motion to dismiss the revocation proceedings. The revocation hearing resumed on December 10, 2020. At the hearing, the trial court announced that "the live pleading is the pleading that was filed, I guess the original motion, prior to the expiration of the period of probation. So to the extent that the amended document has any additional allegations, those allegations are not before the Court." The trial court ultimately found that allegation nos. one and four of the first motion

3

were true,[1] revoked Appellant's RCS, and imposed his previously suspended sentence of confinement for eight years in the TDCJ-ID. In the trial court's judgment revoking Appellant's RCS, it ordered that Appellant pay "all court costs and attorney's fees associated with the prosecution of the State's motion to revoke . . . as certified by the District Clerk in the bill of costs." The clerk's bill of costs assessed attorney's fees against Appellant for the cost of his appointed trial counsel—whose services Appellant received only on account of his indigence—in the amount of $9,200. The record reflects that the trial court found Appellant to be indigent and appointed counsel to represent Appellant with respect to the revocation proceeding and this appeal.

In a single issue, Appellant argues that the trial court lacked jurisdiction to revoke his RCS. We disagree. In the State's own issue, it argues that the trial court erred in assessing the cost of Appellant's appointed trial counsel against him. We agree. Accordingly, and for the reasons articulated below, we modify the trial court's judgment and the bill of costs to delete the assessment of attorney's fees against Appellant, and we affirm as modified.

*Discussion*

I. *The trial court had jurisdiction to revoke Appellant's community supervision; the State's amended motion was a "nullity" and did not supersede or waive the allegations of the State's original motion.*

A. *Applicable Law*

In order for a trial court to have jurisdiction to revoke probation, the State's motion to revoke "must be issued prior to the termination of the probationary period." *Guillot v. State*, 543 S.W.2d 650, 652 (Tex. Crim. App. 1976). A motion to revoke "filed after the expiration of the probationary period . . . [is] a nullity." *Id.* at

---

[1]Allegation nos. one and four in *both* the original and the amended motion were identical.

4

653. Thus, an untimely amended motion to revoke is "void" and has no effect on a prior, timely filed motion to revoke. *See Chreene v. State*, 691 S.W.2d 748, 750 (Tex. App.—Texarkana 1985, pet. ref'd) (holding amended motion "filed after expiration of the probationary period . . . was void"); *Nullity*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("Something that is legally void."); *Void*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("Of no legal effect[.]").

B. *Analysis*

Appellant's four-year term of community supervision began on May 5, 2016, and it was scheduled to terminate on May 5, 2020. The State filed its original motion to revoke on March 3, 2020, two months before the expiration of Appellant's probationary period. The State filed its amended motion on October 1, 2020, well after the probationary period expired. On appeal, Appellant makes a two-step argument. First, he asserts that the State's amended motion replaced the original. Second, he asserts that since the amended motion was filed *after* his probationary period expired, the trial court then lacked jurisdiction to revoke Appellant's community supervision. Appellant's argument fails at step one.

"In the context of legal pleadings and motions, an amended instrument is a substitute for the original; the old and new instruments do not co-exist—the latter takes the place of the former." *Leal v. State*, 469 S.W.3d 647, 652–53 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (Frost, C.J., concurring). This is true as long as the amended instrument is not a legal nullity from its inception. *Howard v. State*, 667 S.W.2d 524, 526 (Tex. Crim. App. 1984). In reliance on *Leal*, Appellant argues that the State's original motion effectively ceased to exist once the State filed its amended motion. He is mistaken. A motion to revoke that is filed outside of the probationary period is a nullity and void. *Guillot*, 543 S.W.2d at 652; *Chreene*, 691 S.W.2d at 750. Appellant acknowledges, and even relies on, this point to complete

the *second* step of his argument[2]—effectively eviscerating step one.  Insofar as an untimely filed amended motion to revoke is void, it cannot replace a timely original motion to revoke.  Consequently, the State's original motion was unaffected by an untimely filed amendment.  "[F]iling an amended motion . . . after the probationary period expires does not altogether deprive the court of jurisdiction."  *Dunivan v. State*, No. 14-19-00887-CR, 2021 WL 2099642, at *3 (Tex. App.—Houston [14th Dist.] May 25, 2021, no pet.) (mem. op., not designated for publication).

Appellant argues that our legal conclusion is foreclosed by *Crockett v. State*.  *See* 840 S.W.2d at 162–63.  He misconstrues the holding of *Crockett*.  While the *Crockett* court concluded that the State could not reinstate its original motion to revoke after it had filed an untimely amended motion to revoke—the reasoning in *Crockett* provides no support for Appellant's position.  The *Crockett* court stressed that, at the hearing on the State's amended motion to revoke, the State "announced that it *waived the allegations . . . it had pleaded in the original motion and repeated in the amended motion*."  *Id.* at 162.  The significance of *Crockett* is that "because [the] State affirmatively waived reliance upon allegations pleaded in [its] original motion, it could not then rely upon [its] original motion at [the] revocation hearing."  *See Dunivan*, 2021WL 2099642, at *3 (citing *Crockett*, 840 S.W.2d at 162–63).  Here, by contrast, "[t]here is no suggestion in the record that the State abandoned, waived, or withdrew . . . its timely filed [f]irst [m]otion."  *Dunivan*, 2021 WL 2099642, at *3 (distinguishing *Crockett*, 840 S.W.2d at 162–63).  Accordingly, "although the [a]mended [m]otion was a nullity, the trial court was authorized to proceed and rule upon any ground, if supported by evidence, alleged in the [original]

---

[2]Appellant argued to the trial court multiple times that the effect of *Crockett v. State* is that the amended motion to revoke is void.  He stated that "the motion to revoke is void"; "it's a void motion"; "the motion to revoke that we're going on is void"; and "a motion to revoke that is filed after the expiration of the period of probation, it is void.  It is not voidable.  It is void."

6

[m]otion even if it had no authority to revoke [A]ppellant's [community] supervision based on any ground found only in the [a]mended [m]otion." *Id.*; *see also Crockett*, 840 S.W.2d at 162. This is what the trial court did. Accordingly, we overrule Appellant's sole issue.

## II. *The trial court erroneously included attorney's fees in the costs it assessed against Appellant.*

### A. *Applicable Law*

We review an assessment of court costs to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *Smith v. State*, 631 S.W.3d 484, 500–01 (Tex. App.—Eastland 2021, no pet.) (citing *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014)). An indigent defendant cannot be taxed the cost of his court-appointed attorney unless the trial court finds that the defendant has the financial resources to repay those costs in whole or in part. *Id.* at 501 (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)); *see* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2021). A defendant's financial resources and ability to pay are explicit elements that the trial court must consider in its determination of whether to order the reimbursement of such costs and fees. *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). A defendant who has been determined by the trial court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial resources is found to have occurred. CRIM. PROC. art. 26.04(p); *Cates*, 402 S.W.3d at 251.

### B. *Analysis*

Here, because the trial court had determined that Appellant was indigent, trial counsel was appointed to represent Appellant throughout the revocation proceedings. Moreover, in his motion to withdraw and have appellate counsel

appointed, Appellant's trial counsel explained that Appellant "was previously found to be indigent . . . . remains indigent . . . . [and] is without means to employ counsel for his appeal." Furthermore, on January 29, 2021, the court clerk certified that Appellant could not afford the cost of a transcript of the clerk's record and confirmed that it would be provided at no cost to him. Because there is nothing in the record to indicate that (1) Appellant is no longer indigent or that (2) the trial court made a subsequent determination that Appellant's circumstances had materially changed or that he had the financial resources or ability to pay the court-appointed attorney's fees that were assessed against him, we hold that these costs were improperly assessed. *See Cates*, 402 S.W.3d at 252; *Smith*, 631 S.W.3d at 501.

When a trial court clerk erroneously includes fees as costs, we modify the bill of costs to remove the improperly assessed fees. *Smith*, 631 S.W.3d at 501. To the extent that attorney's fees were assessed against Appellant for the services of his appointed counsel in defending him against the State's 2020 motion to revoke RCS, those fees are improper and must be deleted from the final judgment and bill of costs. The record is unclear, however, as to what portion of the $9,200 in attorney's fees from the bill of costs is attributable to legal services rendered before the trial court entered its original order placing Appellant on DACS, its subsequent order extending the term of Appellant's DACS, or its order adjudicating Appellant's guilt and placing him on RCS. To the extent that the bill of costs contemplates those earlier legal services in its assessment of attorney's fees against Appellant, waiver of any error has resulted by failure to appeal those prior orders directly. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015).

*This Court's Ruling*

We modify the trial court's judgment of January 4, 2021, revoking Appellant's regular community supervision, to delete the assessment of attorney's fees against

8

Appellant. We modify the clerk's bill of costs to delete whatever portion of the $9,200 in attorney's fees is attributable to legal services rendered by Appellant's appointed counsel in defense against the State's motion to revoke filed on March 3, 2020. We affirm the judgment of the trial court, as modified.

W. BRUCE WILLIAMS
JUSTICE

September 8, 2022

Do not publish. *See* Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.